Brian K. Julian – ISB No. 2360
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:   (208) 344-5510
E-Mail:  bjulian@ajhlaw.com

Attorneys for Saltzer Medical Group, P.A.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER-NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br>    Plaintiffs,<br><br>vs.<br><br>ST. LUKE'S HEALTH SYSTEMS, LTD<br><br>   Defendants. | Case No.  1:12-CV-00560-BLW<br> (lead case) |
| FEDERAL TRADE COMMISSION<br>   and<br>STATE OF IDAHO<br>    Plaintiffs,<br><br>vs.<br><br>ST. LUKE'S HEALTH SYSTEMS, LTD<br>   and<br>SALTZER MEDICAL GROUP, P.A.<br><br>   Defendants. | Case No.  1:13-cv-00116-BLW<br><br><br>**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION** |

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'
COMPLAINT FOR PERMANENT INJUNCTION - 1**

COMES NOW, Defendant Saltzer Medical Group, P.A. herby Answers the Plaintiffs' Complaint for Permanent Injunction as follows:

## FIRST DEFENSE

The Complaint for Permanent Injunction fails to state a claim against this answering Defendant upon which relief can be granted.

## SECOND DEFENSE

To the extent that Preliminary Statements, statements of intention and/or Headings to components of the Complaint exist, such are not substantive allegations to which Saltzer Medical Group (hereinafter "Saltzer") is required to address or Answer. However, to the extent that such Preliminary Statements, statements of intention and/or Headings are considered to be substantive allegations, Saltzer denies the same.

## THIRD DEFENSE

Saltzer Medical Group, P.A. (hereinafter "Saltzer") deny each and every allegation of the Complaint for Permanent Injunction not herein expressly and specifically admitted.

1. With respect to Paragraph 1 of the Complaint, Saltzer denies the allegations contained therein.

2. With respect to Paragraph 2 of the Complaint, Saltzer is without information or knowledge sufficient to form a belief as to the truth or the falsity of the Plaintiffs' alleged statistical and historical analysis of the activities of St. Luke's and

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION - 2**

therefore denies the same.  To the extent that such allegation addresses the entirety of the Treasure Valley area as the relevant geographical area of consideration, Saltzer admits the same.   With respect to the remaining allegations as stated in Paragraph 2 of the Complaint, Saltzer denies the allegations contained therein.

3.   With respect to Paragraph 3 of the Complaint, Saltzer admits that subsequent to the business association, St. Luke's is the largest provider of Adult PCP Services in Nampa, Idaho.   Saltzer denies that Nampa, Idaho is the relevant geographical market area for consideration and analysis.  See Saltzer's Answer with regard to Paragraph number two (2), above, with regard to relevant geographical area. With respect to the remaining allegations as stated in Paragraph 3 of the Complaint, Saltzer denies the allegations contained therein.

4. With respect to Paragraph 4 of the Complaint, Saltzer is without information or knowledge sufficient to form a belief as to the truth or the falsity of the Plaintiffs' alleged subjective understanding or recognition of/by St. Luke's and is without information or knowledge as to the business activities, including the negotiations of St. Luke's with various health plans, and therefore denies the same.  Saltzer denies that reimbursement rates within the state of Idaho experience any increase associated with any form of exercise of market power.  With respect to the remaining allegation as stated in Paragraph 4 of the Complaint, Saltzer denies the allegations contained therein.

5. With respect to Paragraph 5 of the Complaint, Saltzer denies the allegations contained therein and specifically avers that Primary Health is opening a new

health care facility, care provided from such facility to include adult primary care in Nampa, Idaho, within one (1) block of Saltzer Medical Group as of the answering of this Complaint.

6.  With respect to Paragraph 6 of the Complaint, Saltzer is without information or knowledge as to the truth or falsity of the subjective intent; understanding or belief of any single individual board member or any individual out-of-context statement of a single board member associated with St. Luke's and therefore denies the same.   With respect to the remaining allegations as stated in Paragraph 6 of the Complaint, Saltzer denies the allegations contained therein.

7.  With respect to Paragraph 7 of the Complaint, Saltzer denies the allegations contained in sentence one.  As to the remaining allegations contained therein, Saltzer is without information or knowledge as to the actions or intentions of employers, the selective incompleteness of the factual statement or the external forces which may impact upon the truth or falsity of such statements sufficient to admit or deny the remaining allegations and therefore Saltzer denies the allegations contained therein.

8.  With respect to Paragraph 8 of the Complaint, such statements contain legal conclusions, to which no responsive Answer is necessary from this Defendant. To the extent that such Paragraph necessitates an Answer, Defendant Saltzer avers that the transaction(s) at issue in this Complaint do not violate any of the recited legal conclusions stated in Paragraph 8 and accordingly, Saltzer denies the allegations contained therein.

9. With respect to Paragraph 9 of the Complaint, such statements contained therein are a recitation of legal conclusion to which this Answering Defendant is not required to respond.   To the extent that such Answer is required, Saltzer admits that the Plaintiffs purport to bring this action pursuant to the stated provisions of the United States Code.   As to any factual averments stated in Paragraph 9, Saltzer specifically denies the allegations contained therein.

10. With respect to Paragraph 10 of the Complaint, Saltzer denies the allegations contained therein.

11. With respect to Paragraph 11 of the Complaint, Saltzer denies that its activities, if any, were in or affecting interstate commerce.

12. With respect to Paragraph 12 of the Complaint, Saltzer admits it transacts business in the District of Idaho and is subject to the personal jurisdiction of this Court.   Defendant Saltzer however denies that this case is brought by the FTC in accordance with law and further denies the remaining allegations contained therein.

13. With respect to Paragraph 13 of the Complaint, such statements contained therein are a recitation of legal conclusion to which this Answering Defendant is not required to respond.   To the extent that such Answer is required, Saltzer denies the allegations contained therein.

14. With respect to Paragraph 14 of the Complaint, Saltzer admits the factual allegations stated in sentence one of Paragraph 14.   With respect to the remainder of the allegations stated in Paragraph 14 of the Complaint, Saltzer denies that the FTC is vested with authority to enforce Section 7 of the Clayton

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'
COMPLAINT FOR PERMANENT INJUNCTION - 5**

Act in this proceeding and accordingly Saltzer denies the allegations of the last sentence of Paragraph 14.

15. With respect to Paragraph 15 of the Complaint, Saltzer admits the allegations contained therein except that Saltzer is without knowledge or information as to whether the state of Idaho brings this action as "parents patriae" and therefore denies the allegation contained therein.

16. With respect to Paragraph 16 of the Complaint, Saltzer is without sufficient information or knowledge as to the truth, falsity or the completeness of such factual statements and therefore denies the allegation contained therein.

17. With respect to Paragraph 17 of the Complaint, Saltzer admits it is a professional association, organized under the laws of the state of Idaho, and further admits it is a physician-owned for-profit multi-specialty physician group with a principal place of business at 215 E. Hawaii Avenue, Nampa, Idaho 83686. Saltzer admits it had nearly fifty (50) physicians prior to the "acquisition" and prior to St. Alphonsus hiring away Saltzer's surgical specialty physicians. Before St. Alphonsus recruitment and hiring of SMG physicians, SMG maintained specialties in: orthopedics, neurology, general surgery, ENT, family practices, internal medicine, pediatrics, rheumatology, ophthalmology, pain medicine, sleep medicine, pulmonology and OB/GYN, at nine (9) different locations throughout the Treasure Valley, with offices existing in both Ada and Canyon Counties.

18. With respect to Paragraph 18 of the Complaint, Saltzer admits that the first sentence of Paragraph 18 correctly recites Section 7 of the Clayton Act, but Saltzer denies that it is a "person subject to the jurisdiction of the [FTC]" or that

the described transaction violates subsection 7 of the Clayton Act. Salzter admits the second and third sentences of Paragraph 18 except Saltzer denies that the described transaction was an "Acquisition" of Saltzer by St. Luke's. Saltzer denies that the Professional Services Agreement entered into between Saltzer and St. Luke's transfers all of the legal rights enumerated in the fourth sentence of Paragraph 18. Saltzer admits the last sentence of Paragraph 18. Saltzer denies the remaining allegations contained therein.

19. With respect to Paragraph 19 of the Complaint, Saltzer admits St. Alphonsus filed suit in this court and the Government Plaintiffs filed suit in this court. However, Saltzer denies that the transaction(s) with St. Luke's is in violation of any law and denies the accuracy of the stated trial date. Saltzer denies the remaining allegations contained therein.

20. With respect to Paragraph 20 of the Complaint, Saltzer denies the allegations contained therein.

21. With respect to Paragraph 21 of the Complaint, Saltzer admits that providers compete to be selected as in-network providers by health care payors. Saltzer denies that effective bi-lateral negotiations with health care plans occur in the state of Idaho. Saltzer admits that providers may benefit from in-network status as described. Saltzer further states that the allegations contained in this paragraph are an oversimplification of the issues purported to be described. Saltzer denies the remaining allegations contained therein.

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION - 7**

22. With respect to Paragraph 22 of the Complaint, Saltzer states that the allegations contained in this paragraph oversimplifies the issues which it purports to describe and therefore denies the allegations contained therein.

23. With respect to Paragraph 23 of the Complaint, Saltzer admits that providers in a network compete with other in-network providers to attract patients.   Saltzer denies the remainder of the allegations contained therein.

24. With respect to Paragraph 24 of the Complaint, Saltzer denies the allegations contained therein.

25. With respect to Paragraph 25 of the Complaint, Saltzer admits that for some health plan enrollees, i.e. adult males, the services provided by OB/GYN physicians do not substitute for adult primary care physician services.  However, those same physicians do provide a significant level of primary care for female patients.  By definition, pediatricians generally do not treat adults.  Saltzer denies the remainder of the allegations contained therein.

26. With respect to Paragraph 26 of the Complaint, Saltzer denies the allegations contained therein.

27. With respect to Paragraph 27 of the Complaint, Saltzer denies the allegations contained therein.

28. With respect to Paragraph 28 of the Complaint, such statements contain legal conclusions, to which no responsive Answer is necessary from this Defendant. To the extent that such paragraph necessitates an Answer, Saltzer denies the remaining allegations contained therein.

29. With respect to Paragraph 29 of the Complaint, Saltzer admits that a hypothetical monopolist test method exists but denies its application to this transaction(s). Saltzer denies the remaining allegations contained therein.

30. With respect to Paragraph 30 of the Complaint, Saltzer states that the allegations contained therein are based upon the overgeneralization and clear speculation and would improperly require Saltzer to answer what other third parties may or may not think. Accordingly Saltzer denies the allegations contained therein.

31. With respect to Paragraph 31 of the Complaint, Saltzer admits that Nancy Powell, its former Chief Financial Officer, made the statement quoted in the second sentence. Saltzer denies the remaining allegations contained therein.

32. With respect to Paragraph 32 of the Complaint, Saltzer states that such statements contained therein are legal conclusions to which this answering defendant is not required to respond.   To the extent that such answer is required, Saltzer denies the allegations contained therein and further Saltzer denies any implication that the described transaction is anti-competitive.

33. With respect to Paragraph 33 of the Complaint, Saltzer denies that the transaction at issue is an "Acquisition" and further denies that Nampa, Idaho, is the relevant market.  See Saltzer's Answer with regard to Paragraph No. 2, above, with regard to relevant geographical area.  Saltzer denies the remaining allegations contained therein.

34. With respect to Paragraph 34 of the Complaint, Saltzer denies that Nampa, Idaho is the relevant market and denies the allegations of Paragraph 34 and of Table 1. See Saltzer's Answer with regard to Paragraph No. 2, above, with regard to

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION - 9**

relevant geographical area.  Saltzer further denies that the 75% service area is the proper threshold for geographic market analysis.  Saltzer denies the remaining allegations contained therein and denies the allegations stated in footnote 1.

35. With respect to Paragraph 35 of the Complaint, Saltzer denies the allegations contained therein.

36. With respect to Paragraph 36 of the Complaint, Saltzer denies the allegations contained therein and denies the allegations contained in footnote 2.

37. With respect to Paragraph 37 of the Complaint, Saltzer denies the allegations contained therein.

38. With respect to Paragraph 38 of the Complaint, Saltzer is without information or knowledge sufficient to admit or deny as to the St. Luke's market share and without further identification cannot admit or deny the allegation of the "leading physician of Saltzer" statement and accordingly denies the same.  However, Saltzer believes the recited statement is likely taken out of context, is incomplete and was not referring to any monopolistic character but rather was discussing the high quality of medical care provided through the St. Luke's group.  Saltzer denies the remaining allegations contained therein.

39. With respect to Paragraph 39 of the Complaint, Saltzer denies the allegations contained therein.

40. With respect to Paragraph 40 of the Complaint, Saltzer denies the allegations contained therein.

41. With respect to Paragraph 41 of the Complaint, Saltzer is without information or knowledge sufficient to admit or deny the allegations contained therein and therefore Saltzer denies the allegations contained therein.

42. With respect to Paragraph 42 of the Complaint, Saltzer is without information or knowledge sufficient to admit or deny a statement made by a St. Luke's consultant and therefore Saltzer denies the same. Saltzer admits, historically, it has maintained a successful medical practice but denies it has exercised any leverage with medical payors. Saltzer denies the remainder of the allegations contained therein.

43. With respect to Paragraph 43 of the Complaint, Saltzer denies the allegations contained therein.

44. With respect to Paragraph 44 of the Complaint, Saltzer denies the allegations contained therein.

45. With respect to Paragraph 45 of the Complaint, Saltzer is without information or knowledge sufficient to admit or deny the allegations contained therein and therefore Saltzer denies the allegations contained therein.

46. With respect to Paragraph 46 of the Complaint, Saltzer is without information or knowledge sufficient to admit or deny the allegations contained therein and therefore Saltzer denies the allegations contained therein.

47. With respect to Paragraph 47 of the Complaint, Saltzer denies the allegations contained therein.

48. With respect to Paragraph 48 of the Complaint, Saltzer denies the allegations contained therein.

49. With respect to Paragraph 49 of the Complaint, Saltzer denies the allegations contained therein.

50. With respect to Paragraph 50 of the Complaint, Saltzer denies the allegations contained therein.

51. With respect to Paragraph 51 of the Complaint, Saltzer denies the first sentence of Paragraph 51 and is without information or knowledge sufficient to admit or deny the allegations and Saltzer therefore denies the allegations contained therein. However, Saltzer specifically finds astonishing the Government Plaintiffs' allegation that employers will pay higher rates for Medicare reimbursements through hospital billing.   Employers are not responsible for the payment of alleged increased Medicare costs of individuals.

52. With respect to Paragraph 52 of the Complaint, Saltzer denies the allegations contained therein and refers to the Answer to Paragraph 51.

53. With respect to Paragraph 53 of the Complaint, Saltzer admits its physicians provide high quality adult PCP services and even with a history of high quality service, the majority of Saltzer physicians thought service could be improved by associating with St. Luke's due to having better quality control, uniform electronic medical records and imaging, lack of redundancy in testing, established protocols in servicing patients, and generally overall economies of scale without any significant increase in medical billings to the ultimate consumer.

54. With respect to Paragraph 54 of the Complaint, Saltzer denies the allegations contained therein.

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION - 12**

55. With respect to Paragraph 55 of the Complaint, Saltzer denies the allegations contained therein, particularly in light of the fact that Saltzer has experienced competition in the adult PCP market during the interval of the filing of this Complaint and Saltzer's Answering of the same.

56. With respect to Paragraph 56 of the Complaint, Saltzer denies the allegations contained therein. Further, Saltzer is without information or knowledge sufficient to admit or deny the allegations contained therein and therefore denies the allegations contained therein.

57. With respect to Paragraph 57 of the Complaint, is without information or knowledge sufficient to admit or deny the allegations contained therein and therefore denies the allegations contained therein.

58. With respect to Paragraph 58 of the Complaint, Saltzer admits that it has provided service, among other regions, in the Nampa area for approximately fifty (50) years.  Saltzer is without information or knowledge sufficient to admit or deny the remainder of the allegations and therefore denies the remainder of the allegations contained therein.

59. With respect to Paragraph 59 of the Complaint, Saltzer denies the allegations contained therein.

60. With respect to Paragraph 60 of the Complaint, Saltzer denies the allegations contained therein.

61. With respect to Paragraph 61 of the Complaint, such statements contain recitation of legal conclusion, to which no responsive Answer is necessary from this Defendant.  To the extent that such paragraph necessitates an Answer,

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'**
**COMPLAINT FOR PERMANENT INJUNCTION - 13**

Defendant Saltzer is without sufficient knowledge or information to admit or deny the allegations as stated in the second sentence of the paragraph and further denies the remaining allegations contained therein.

62. With respect to Paragraph 62 of the Complaint, Saltzer admits that it believes the St. Luke's affiliation will improve quality of medical care provided and will lower the patient's cost-of-care.   Saltzer denies the remainder of the allegations contained therein.

63. With respect to Paragraph 63 of the Complaint, Saltzer denies the allegations contained therein.

64. With respect to Paragraph 64 of the Complaint, Saltzer denies the allegations contained therein.

65. With respect to Paragraph 65 of the Complaint, Saltzer adopts and incorporates its Answers to all preceding paragraphs as if fully recited herein.

66. With respect to Paragraph 66 of the Complaint, such statements contained therein are a recitation of legal conclusion to which this Answering Defendant is not required to respond.   To the extent that such Answer is required, Saltzer denies the allegations contained therein.

67. With respect to Paragraph 67 of the Complaint, Saltzer denies that the Plaintiffs are entitled to such relief as requested or any relief whatsoever.

68. With respect to the Plaintiffs' Prayer for Relief, Saltzer admits that such accurately states a requested prayer for relief, but Saltzer denies that the Complaint states a proper claim, denies that the Plaintiffs are entitled to the relief

as stated in the Plaintiffs' Prayer for relief, and further denies that the Plaintiffs are entitled to any relief, whatsoever.

## FOURTH DEFENSE

The Complaint fails to comply with federal or state law because this is a matter of private controversy and does not tend adversely to affect the public interests.

## FIFTH DEFENSE

Saltzer Medical Group does not have a monopoly, is not likely to obtain a monopoly, and has never attempted to obtain a monopoly in any relevant market.

## SIXTH DEFENSE

Saltzer Medical Group had and continues to have legitimate business justifications for all of its alleged conduct at issue in this matter.

## SEVENTH DEFENSE

Saltzer Medical Group's conduct did not, does not and will not adversely affect competition in any relevant market.

## EIGHTH DEFENSE

The court lacks subject matter jurisdiction against Saltzer Medical Group due to its exclusive intrastate business activities and the court's lack of Pendent Jurisdiction over state law claims.

## NINTH DEFENSE

WHEREFORE, Defendant Saltzer pray that the Plaintiffs take nothing by this Complaint, that the same be dismissed, that the requests for relief be denied, and that

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION - 15**

Saltzer be awarded its costs of suit, attorney's fees and such other and further relief as this Court deems just.

DATED this 16th day of April, 2013.

ANDERSON, JULIAN & HULL LLP

By

Brian K. Julian, Of the Firm
Attorneys for Saltzer Medical Group,
P.A.

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'
COMPLAINT FOR PERMANENT INJUNCTION - 16**

<u>CERTIFICATE OF MAILING</u>

I HEREBY CERTIFY that on this 16th day of April, 2013, I served a true and correct copy of the foregoing **ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

Ben J Keith                               [ X ]   ECF
bkeith@sidley.com,
krockwell@sidley.com

Bryan A Nickels                           [ X ]   ECF
ban@dukescanlan.com,
klm@dukescanlan.com,
sls@dukescanlan.com

Charles K Schafer                         [ X ]   ECF
cschafer@sidley.com

David A Ettinger                          [ X ]   ECF
dettinger@honigman.com,
nroberts@honigman.com,
shakim@honigman.com

J Walter Sinclair                         [ X ]   ECF
jwsinclair@stoel.com,
boisedocket@stoel.com,
njhammond@stoel.com

Jack R Bierig                             [ X ]   ECF
jbierig@sidley.com

Keely E. Duke                             [ X ]   ECF
ked@dukescanlan.com,
klb@dukescanlan.com,

Kevin J Scanlan
kjs@dukescanlan.com,                      [ X ]   ECF

Peter E Boivin
pboivin@honigman.com

Portia L Rauer                            [ X ]   ECF
plr@powerstolman.com,

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'
COMPLAINT FOR PERMANENT INJUNCTION - 17**

jsm@powerstolman.com
                               [ X ]   ECF
Raymond D Powers
rdp@powerstolman.com,
crb@powerstolman.com,
jls@powerstolman.com            [ X ]   ECF

Sara Marie Berry
smberry@stoel.com,
docketclerk@stoel.com,
sagillogly@stoel.com             [ X ]   ECF

Scott D Stein
sstein@sidley.com,
efilingnotice@sidley.com
                               [ X ]   ECF
Tacy F Flint
tflint@sidley.com

Kevin J. O'Connor          [ X ]   ECF
koconnor@gklaw.com
ewilson@gklaw.com
warends@gklaw.com          [ X ]   ECF

Brett DeLange              [ X ]   ECF
Brett.delange@ag.idaho.gov
Carl.winthoe@af.idaho.gov

FTC
J. Thomas Greene
Danica Noble
Douglas Litvack             [ X ]   ECF
Henry Chao Lon Su
Matthew Acornero
Michael Perry
Peter Herrick
Robert Schoroeder

_____
                            Brian K. Julian

**ANSWER OF DEFENDANT SALTZER MEDICAL GROUP, P.A., TO PLAINTIFFS'
COMPLAINT FOR PERMANENT INJUNCTION - 18**