# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) ST. LUKE'S HEALTH SYSTEM, LTD. and ) ST. LUKE'S REGIONAL MEDICAL ) CENTER, LTD., ) ) Defendants. ) _____) ) FEDERAL TRADE COMMISSION and STATE ) OF IDAHO, ) ) Plaintiffs, ) v. ) ) ST. LUKE'S HEALTH SYSTEM, LTD. and ) SALTZER MEDICAL GROUP, P.A., ) ) Defendants. ) _____) | No. 1:12-cv-00560-BLW (Lead Case) SECOND AMENDED CASE MANAGEMENT ORDER No. 1:13-cv-00116-BLW |

IT IS HEREBY ORDERED, that the following recitation of deadlines and procedures shall govern this litigation:

| DATE (Hearing Dates in Bold) | ACTION/DEADLINE |
|---|---|
| June 4, 2013 | Deadline for plaintiffs to serve expert witness reports and disclosures under FRCP 26(a)(2)(B), subject to supplementation in accordance with FRCP 26(e)(1) in light of later fact discovery as reasonably necessary. |

| DATE (Hearing Dates in Bold) | ACTION/DEADLINE |
|---|---|
| June 18, 2013 | Provisional close of fact discovery.<br><br>After this date, fact discovery shall be limited to depositions of fact witnesses:<br><br>i. Who were not previously disclosed on a party's provisional witness list;<br>ii. Who are cited or relied upon (or who provided input that is cited or relied upon) by a party's expert in his or her report; *and*<br>iii. Who were not previously deposed in *St. Al's v. St. Luke's* or *FTC v. St. Luke's*, or whose previous deposition reasonably did not cover material cited or relied upon in an expert report.<br><br>Such depositions will not count against the limit on fact depositions set forth below. For any previously deposed witnesses, the notice of deposition shall state the topics that reasonably were not covered at the previous deposition, and the deposition shall be limited to those topics.<br><br>This deadline shall not:<br><br>• Preclude discovery of third parties who have moved the Court to prevent or limit their production of documents or testimony in accordance with the Court's Protective Order (Doc. No. 64, ¶ 24.);<br>• Constitute a waiver of objections to any late or incomplete disclosure pursuant to any prior deadlines in this scheduling order; *or*<br>• Preclude the parties from seeking leave of the Court for additional fact discovery for good cause shown. |
| July 15, 2013 | Deadline for defendants to serve expert witness reports and disclosures, subject to supplementation in accordance with FRCP 26(e)(1) in light of later fact discovery as reasonably necessary. |

**SECOND AMENDED CASE MANAGEMENT ORDER - 2**

| DATE (Hearing Dates in Bold) | ACTION/DEADLINE |
|---|---|
| July 29, 2013 | Deadline for plaintiffs to serve expert reply reports. |
| August 5, 2013 | Deadline for defendants to file a motion seeking leave to submit sur-rebuttal expert reports. |
| August 13, 2013 | Deadline to depose expert witnesses. |
| August 13, 2013 | Close of discovery. |
| August 22, 2013 | Deadline to file all dispositive motions. |
| August 22, 2013 | Deadline to file *Daubert* motions or other nondispositive motions, including motions *in limine*. |
| August 30, 2013 | Deadline to produce final witness lists, proposed trial exhibits, and FRCP 32(a) deposition designations. |
| September 6, 2013 | Deadline to file responses to any dispositive motions. |
| September 6, 2013 | Deadline to file responses to any *Daubert* or other nondispositive motions, including motions *in limine*. |
| September 10, 2013 | Deadline to file trial memoranda pursuant to Local Rule 16.3. |
| **September 12, 2013, at 3:30 pm** by telephone with plaintiffs to either provide a call-in number or arrange for an operator. | Final Pretrial Conference. |
| September 17, 2013 | Deadline to file responses to trial memoranda pursuant to Local Rule 16.3. |
| **September 23, 2013, at 9:00 a.m.** in the Federal Courthouse in Boise, Idaho. | Trial begins. |

**SECOND AMENDED CASE MANAGEMENT ORDER - 3**

Alternative Dispute Resolution Plan:

To discuss ADR options, the parties must contact the Court's ADR Coordinator Susie Headlee at (208) 334-9067.

Discovery Plan:

Discovery shall be in accordance with the Federal Rules of Civil Procedure and the Local Rules. No more than 30 fact depositions noticed by plaintiffs and 30 fact depositions noticed by defendants, not including expert depositions, will be allowed.[1] Rule 30(b)(6) depositions count towards the total according to the time taken in such deposition. For example, two Rule 30(b)(6) depositions lasting three and four hours, respectively, count as one deposition.  These limitations may be modified by agreement of the parties.

Completion of Discovery:

The discovery deadline is a deadline for the completion of all discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date. The parties may, by stipulation, agree to defer some trial-related discovery, such as discovery related to damages issue, until after I have ruled on any dispositive issues.

Disclosure of Experts:

---

[1] The Court previously set a limit of 30 depositions in *St. Al's v. St. Luke's*. With the consolidation of *FTC v. St. Luke's*, a total of 60 depositions shall be the presumptive limit.

**SECOND AMENDED CASE MANAGEMENT ORDER - 4**

Prior to consolidation, the plaintiffs in *St. Al's v. St. Luke's* requested that the timing of the disclosure of experts proceed according to burdens of proof. The defense responded that the Court should use its standard timing, with plaintiff to identify experts first, defense to respond, and plaintiff to file a rebuttal. The Court found that the defendant's proposal is best. The defendant's affirmative defenses have largely been identified, and plaintiffs' experts can opine on them in their original report. The Court will not allow sur-rebuttal experts for the defendants at this time but will consider a defense motion to allow it if necessary.

<u>Rules Governing Disclosure of Expert Witnesses</u>:

Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide – for each expert disclosed – the report described in Fed. R. Civ. P. 26(a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

<u>Law Clerk</u>:

If counsel has a procedural or legal question that needs to be brought to my attention, please contact Dave Metcalf, the law clerk assigned to this case at (208) 334-9025 or at dave_metcalf@id.uscourts.gov.

**SECOND AMENDED CASE MANAGEMENT ORDER - 5**

Handling of Discovery Disputes and Non-disposition Motion:

Magistrate Judge Ronald E. Bush will handle all discovery motions. His Law Clerk assigned to this case is Kate Ball. She can be reached at 208-334-9013 and her email address is kate_ball@id.uscourts.gov. Judge Bush will provide counsel with his procedures for handling discovery disputes.

Investigation Documents:

Prior to consolidation, the plaintiffs in *St. Al's v. St. Luke's* asked that the parties produce all documents they provided to the FTC and the State of Idaho in response to their investigatory subpoenas. It appears that St. Luke's production was far larger than St. Al's. Apparently, the FTC demanded that St. Luke's produce documentation for deals going back a decade or more. Because of the tight deadlines, St. Luke's did not have time to do a comprehensive privilege check and so produced the documents under a clawback agreement. Consequently, the documents contain privileged information, and also contain sensitive competitive information and personal health information. St. Luke's argued that it would take weeks or months to cull out all the irrelevant, privileged, and confidential material.

St. Al's responded that (1) the documents would be produced under an attorney eyes-only provision of a forthcoming protective order and thus no competitive information would be shared with St. Al's officials; (2) it has withdrawn its request for

**SECOND AMENDED CASE MANAGEMENT ORDER - 6**

any data base that contains any personal health information; and (3) the tight deadlines in this case require the large-scale production of documents on a quick schedule with clawback provisions, and that could work here just as well as it worked with the FTC. The Court found St. Al's argument more persuasive. Much of this material would be initial disclosure material under Rule 26, and the tight deadlines demand an expedited discovery process. The privileged material can be clawed back, the sensitive business information will be kept confidential, and the databases with personal health information can be deleted wholesale from the production. The Court therefore ordered the production sought by St. Al's, once a protective order is in place that (1) ensures that the documents will be shown only to the attorneys, and (2) contains a clawback provision to protect privileged material.

Calendaring Clerk:

With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

Docketing Clerk:

If you have a docketing question, please contact a docket clerk at (208) 334-1361.

Prior Case Management Order

This Order amends and supersedes the Amended Case Management Order entered by the Court on April 3, 2013 (Doc. No. 99). The Amended Case Management Order is hereby VACATED.

**SECOND AMENDED CASE MANAGEMENT ORDER - 7**



DATED: May 20, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

**SECOND AMENDED CASE MANAGEMENT ORDER - 8**