UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MED. CTR., et al., | Case Nos. 1:12-cv-00560-BLW |
| Plaintiffs, | 1:13-cv-00116-BLW |
| v. | **ORDER** |
| ST. LUKE'S HEALTH SYSTEM, et al., | |
| Defendants. | |

Judge Winmill's Amended Case Management Order ("CMO") rejected the

Plaintiffs' request to have expert disclosures proceed according to burdens of proof and

instead followed St. Luke's  request to use "standard timing," with Plaintiffs to identify

experts first, the Defendant to respond, and the Plaintiff to file a rebuttal.  Judge Winmill

noted that St. Luke's "affirmative defenses have largely been identified, and plaintiffs'

experts can opine on them in their original report."  The CMO allows for Defendants to

submit sur-rebuttal experts upon a defense motion to allow the same, if necessary.

At issue is whether Plaintiffs' expert witness, Debra Haas-Wilson, should be

allowed to submit a "sur-reply report," responding to a "sur-rebuttal report" submitted by

Defendants.  Although the CMO contemplated Defendant seeking Court permission to

file a sur-rebuttal, Plaintiffs agreed that it was appropriate for Defendant to submit a sur-

**ORDER - 1**

rebuttal to the reply by Plaintiffs' expert, without the need to obtain prior approval from

the Court.  Plaintiffs' counsel reports that they agreed to Defendant submitting a sur-reply

"based on an understanding of its length and scope which turned out to be very different"

from the 28 page sur-reply submitted by Dr. Argue on Defendants' behalf.  Specifically,

Plaintiffs contend that Dr. Argue's sur-reply revised some of his original report and cited

to "newly conducted interviews".  In response, Plaintiffs submitted the sur-reply report of

Haas-Wilson, consisting of 11 pages plus exhibits.

St. Luke's argues that Haas-Wilson's sur-reply "contains new analyses (or new

versions of analyses)" that the Plaintiffs did not previously provide.  Hence, St. Luke's

requests a ruling on whether the sur-reply is appropriate in anticipation of the upcoming

deposition to be taken of Haas-Wilson, set for Friday, August 23, 2013.  Plaintiffs

provided the Haas-Wilson sur-reply five days before this scheduled deposition.

While the CMO does not address whether Judge Winmill might consider allowing

a "sur-reply" report, it appears that the Court has discretion to allow such a report.  *See,

e.g., Adams v. United States*, Civ. No. 03–0049–E–BLW, 2009 WL 982034, *2 (D. Idaho

April 9, 2009) (allowing a sur-reply expert report and discussing 28 Wright and Gold,

Federal Practice & Procedure, § 6164 at p. 383-84 (1993), which suggests that "in

resolving objections to testimony that is both true rebuttal and a new theory, the Court

first inquire into whether the proponent is 'sandbagging by withholding evidence until the

defendant ... [is] unable to mount an effective response'"); *United States v. Purkey*, 428

F.3d 738, 759 (8th Cir. 2005) (citing cases describing the trial court's discretion to allow

**ORDER - 2**

surrebuttal when new matters are raised); *Riel v. Warden*, No. CIV S–01–0507 LKK

KJM, 2010 WL 4628142, *9-10  (E.D.Cal. Nov. 5, 2010).  Accordingly, the Court finds

this matter would be best decided by Judge Winmill as the presiding judge at trial, in the

form of an appropriate motion by defense counsel, such as a motion to strike or a motion

in limine.

However, because such a ruling likely cannot be obtained before the upcoming

deposition of Haas-Wilson, the parties are directed to treat the deposition allowing for the

possibility that Judge Winmill will allow the contested report.  Doing so will preserve the

status quo in a way that will permit a decision to be made upon the ultimate issue, without

the need for another deposition if the contested report is not stricken.  If the contested

report is stricken, the related deposition testimony would presumably be part and parcel

of the testimony which would not be permitted for further purposes in this case or at trial.

The opinions and subject matter contained in the Haas-Wilson sur-reply are therefore

appropriate subject matters for the deposition.

**IT IS SO ORDERED.**

DATED:  **August 21, 2013**.

Honorable Ronald E. Bush
U. S. Magistrate Judge

ORDER - 3