UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>          Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>          Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER RE ADDITIONAL AEO DESIGNATIONS** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>          Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>          Defendants. | Case No. 1:13-CV-00116-BLW |

**MEMORANDUM DECISION**

In the Court's Pretrial Order, the Court approved three categories of documents and testimony to be designated as Attorney Eyes Only (AEO), and reserved an issue concerning two additional categories proposed by the parties. This decision will resolve that reserved issue.

**Memorandum Decision & Order -- 1**

Before addressing the specific disputes, the Court will review the scope and consequences of an AEO designation. When AEO material is being discussed at trial, the proceedings will be closed to the public. Because of the presumption against closing trial proceedings, as discussed in the Pretrial Order, the AEO designation must be narrow and necessary to achieve a compelling objective. Consequently, the AEO designation is reserved for highly sensitive trade secrets, the disclosure of which would result in demonstrable harm to one of the parties, or to a third party.

With that standard in mind, the Court turns to the first dispute. St Luke's proposes to designate as AEO the following:

> Current (within the last four years) contracts with physicians or facilities and the terms of recent (within the last four years) physician practice or facility acquisitions or affiliations.

This definition would include, for example, the salary St. Luke's pays its affiliated physicians. It would also include the prices paid by St Luke's when acquiring the practices of physicians.

The plaintiffs claim that this definition is overbroad and would sweep much of the case within the AEO designation. Plaintiffs suggest a narrower definition that would protect the most sensitive items: (1) the acquisition-related compensation agreements, and (2) the physician contracts themselves.

The problem with the plaintiffs' suggestion is that it would make publically available the terms of recent acquisitions, other than the compensation agreements. The disclosure of these terms could cause demonstrable harm. For example, public knowledge of St Luke's acquisition terms might give competitors an advantage in a

**Memorandum Decision & Order -- 2**

future bidding war over other practices. For these reasons, the Court will approve St Luke's definition of AEO set out above.

The second dispute concerns plaintiffs' proposed AEO category: "Documents and testimony discussing specific patient care issues." Plaintiffs explain their proposal as follows: "This language was designed to address certain specific documents (not the general quality evidence issues that are appropriately part of the case in light of St. Luke's alleged "quality" defense), which St. Luke's has inappropriately included in its exhibit list, see Attachment B." The documents listed in Exhibit B are defendants' Trial Exhibit Nos. 2032, 2033, 2034, 2035, and 2045.

After reviewing those documents, the Court finds that providing them to the public may cause demonstrable harm to plaintiff St. Al's. Because plaintiffs' definition is designed to apply only to these documents, and because the consequence of designating this material as AEO is the closure of the courtroom when this material is discussed, the Court will narrow the definition to include only these five specific exhibits.

The Court has also decided not to seal this decision. The AEO material was not discussed with any specificity and the public deserves to know generally what is being designated as AEO.

The Court will set forth below, in the Order section of this decision, all five of the categories of documents and testimony that are designed as AEO – the three categories discussed in the Pretrial Order and the two categories discussed here.

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order -- 3**

NOW THEREFORE IT IS HEREBY ORDERED, that the following categories of documents – and any testimony concerning the documents or subject matter of these designations – shall be designated as Attorney Eyes Only (AEO):

1. Current (within the last four years) documents referring to prices, costs, reimbursement rates, wages, compensation, budgets, projections or other financial information, not including documents that have been made public.

2. Current (within the last four years) documents discussing or referring to planning.

3. Current (within the last four years) documents referring to or discussing payor, employer, provider or network negotiations, negotiation strengths or weaknesses, bargaining power, or negotiation strategies or methodologies.

4. Current (within the last four years) contracts with physicians or facilities and the terms of recent (within the last four years) physician practice or facility acquisitions or affiliations.

5. Defendants' Trial Exhibit Nos. 2032, 2033, 2034, 2035, and 2045.

DATED: September 18, 2013

B. Lynn Winmill
Chief Judge
United States District Court