UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>          Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>          Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>          Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>          Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it St. Luke's motion for partial summary judgment. The Court heard oral argument on August 26, 2013, and took the motion under advisement. For the reasons expressed below, the Court will grant the motion in part and deny it in part.

## ANALYSIS

St. Luke's motion seeks summary judgment on the claim for damages made by the private plaintiffs, consisting of St. Al's Health System Inc., St. Al's Regional Medical Center Inc., St. Al's Medical Center – Nampa, Inc., and Treasure Valley Hospital Limited Partnership.  The private plaintiffs responded that they were dropping their claim for damages.  The Court will accordingly grant St. Luke's motion in part, dismissing the claim for damages made by the private plaintiffs contained in the Amended Complaint. *See Amended Complaint (Dkt. No. 63)* at ¶ 153(C).

St. Luke's motion also seeks summary judgment on "any claim by the private plaintiffs that is premised on an increase in prices."  *See Reply Brief (Dkt. No. 153)* at p. 10.  The private plaintiffs respond that they are not complaining about "the harm to them from increased prices."  *See Response Brief (Dkt. No. 151)* at p. 5.  Instead, they are complaining "about the harm to them from exclusionary behavior."  *Id*. at pp. 5-6.  They argue that increased prices are "manifestations of market power" and that the "presence of [increased prices] is evidence of the power to engage in [exclusionary behavior]."  *Id*. at p. 7.  The private plaintiffs point to evidence of St. Luke's past acquisitions that led to price increases, and the testimony of their expert economist Deborah Haas-Wilson that these price increases are evidence of exclusionary conduct.  St. Luke's replies that evidence of a price rise following a past acquisition is irrelevant without a showing that the price rose to a supracompetitive level in geographic and product markets that were identical to the markets at issue here.

The back-and-forth of these arguments transformed St. Luke's motion for partial summary judgment into a motion in limine seeking to exclude evidence of price increases. The issue is whether evidence of past – or potential future – price increases could be relevant in any context.

To pursue their claim under § 1 of the Sherman Act, the private plaintiffs must show, among other things, that St. Luke's will have sufficient market power to control prices or exclude competition. *See Paladin Associates, Inc. v. Montana Power Co.,* 328 F.3d 1145, 1158 (9th Cir. 2003) (affirming dismissal of claim under § 1 of the Sherman Act where plaintiffs produced no evidence that defendant had "the power to control prices or exclude competition"). St. Luke's ability to "control prices" has direct relevance to its market power, a crucial element of St. Al's claim under § 1 of the Sherman Act.

St. Luke's argues that evidence of a past acquisition that led to higher prices is irrelevant in the absence of foundational proof that St. Luke's was able to maintain prices at a supracompetitive level in geographic and product markets identical to the markets at issue here. *See* 2B Phillip E. Areeda, et al., *Antitrust Law* § 501, at p. 111 (3d ed.2007) (defining monopoly power to include the ability to control prices "for a significant period without erosion by new entry or expansion"). Assuming that to be true, the Court cannot, at this stage of the proceedings, hold that the private plaintiffs will be unable to lay that foundation – the Court must wait for trial to determine if the proper foundation can be laid.

The Court need not, and does not, resolve here whether St. Luke's assertion of the foundational requirements for the admission of prior acquisition evidence is a correct statement of the law. Nevertheless, at the very least, St. Al's must lay a foundation that the geographic and product markets involved in the prior acquisition are sufficiently similar to the markets at issue here to make evidence of the prior acquisition relevant to these proceedings. Moreover, the admissibility of this foundational proof depends in part on whether it threatens to become a "trial within a trial" that causes undue delay. *See United States v. Espinoza–Baza*, 647 F.3d 1182, 1190 (9th Cir.2011) (holding that under some circumstances, Rule 403 authorizes the exclusion of evidence that would cause an "undue delay" in the proceedings). Ultimately, however, the Court will not rule on the issue until it has seen the evidence at trial.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for partial summary judgment (docket no. 144) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to dismiss the claim for damages by the private plaintiffs – St. Al's Health System Inc., St. Al's Regional Medical Center Inc., St. Al's Medical Center – Nampa, Inc., and Treasure Valley Hospital Limited Partnership – contained in the Amended Complaint (docket no. 63) at ¶ 153(C). It is denied in all other respects.



DATED: September 24, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court