UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>Defendants. | Case No. 1:13-CV-00116-BLW |

**MEMORANDUM DECISION**

Plaintiff State of Idaho seeks to bar defendants from calling as trial witnesses Richard Armstrong, Director of the Idaho Department of Health and Welfare, and William Deal, Director of the Idaho Department of Insurance.  The State argues that these two individuals have been subject to deposition and cannot offer testimony that will help the Court decide the legal matters at issue.

**Memorandum Decision & Order -- 1**

Whether a state official can be called to testify at trial depends on whether the official has "direct personal factual information pertaining to material issues in an action, and the information to be gained is not available through any other sources." *Coleman v. Schwarzenegger,* 2008 WL 4300437 (E.D. Cal. Sept. 15, 2008) (quotations and citations omitted). Both individuals have factual information pertaining to material issues, and their testimony cannot be fully presented in any manner other than by calling them to the witness stand.

In pursuing this case, the State argues that the Saltzer deal will raise prices and exclude competitors. The defendants respond that the benefits of the deal include a move away from the old fee-for-service model and toward a new integrated care approach. Director Armstrong testified in his deposition about moving in the same direction. Director Deal is implementing the insurance exchange and has information regarding his efforts to promote competition, a key issue in this case.

Thus both officials have direct and personal factual information. Because they were directed not to answer certain questions in their depositions, their testimony cannot be fully presented by playing their deposition testimony. The State argues that they are protected by the deliberative process privilege, but the Court need not resolve that issue here. The only issue before the Court is whether the defense may subpoena these two witnesses – the parties agree to reserve the question of the deliberative process privilege for later argument.

For all the reasons set forth above, the Court will deny the motion to bar the testimony of these two officials.

**Memorandum Decision & Order -- 2**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to bar the testimony of Directors Armstrong and Deal (docket no. 157) is DENIED.

DATED: September 25, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order -- 3**