UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>MEMORANDUM DECISION AND ORDER |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it a motion in limine to exclude evidence of St. Al's efforts to affiliate with Saltzer. The motion is fully briefed and at issue. The Court will grant the motion in part, as explained below.

Memorandum Decision & Order – Page 1

## ANALYSIS

St. Al's seeks to exclude any evidence regarding its efforts to affiliate with Saltzer, arguing that the evidence is irrelevant. The plaintiffs list 13 trial exhibits and ask the Court to exclude them, and any related testimony, from evidence.

The main purpose of this evidence – although not the sole purpose – is to excuse St. Luke's conduct on the ground that St. Al's was trying to do the same thing. That is a classic "unclean hands" defense, and the Supreme Court has rejected that defense in antitrust cases. *Perma Life Mufflers Inc. v. International Parts Corp.,* 392 U.S. 134 (1968). Thus, St. Luke's evidence is irrelevant if its purpose is to show St. Al's had unclean hands.

Defendants argue, however, that they "do not intend to offer evidence of proposed affiliations between plaintiffs and Saltzer in support of a potential 'unclean hands' or *in pari delicto* defense." *See Defendants' Brief (Dkt. No. 177)* at p.2. Yet later in their brief, defendants argue the evidence is relevant to show that St Al's "never expressed any concern" over the fact that its attempted acquisition of Saltzer would give St. Al's a market concentration "far more problematic competitively than St. Luke's transaction with Saltzer." *Id*. at p. 4. And in another section of their brief, defendants argue that St. Al's offer (that relied on provider-based billing) is relevant to show that St. Al's "did not regard provider-based billing as an indication of unlawful market power at the time that it sought to affiliate with Saltzer." *Id.* at p. 7.

**Memorandum Decision & Order – Page** 2

Both of these arguments are attempts to raise an unclean hands defense – attempts to excuse St Luke's conduct by pointing out that St Al's tried to do the same thing. Because that defense is unavailable, the evidence is irrelevant, and St. Al's motion to exclude must be granted to this extent.

Evidence of St. Al's pursuit of Saltzer is relevant only if it is tied to a legitimate defense or directly rebuts an assertion made by St. Al's. St. Luke's has properly raised the defense that the combination will result in efficiencies that will overwhelm any anticompetitive effects. Evidence relevant to this defense would include (1) St. Al's analysis that certain terms of its proposal (similar to those of St. Luke's) would result in efficiencies; and (2) Saltzer's conclusion that St. Luke's proposal offered more efficiencies than St Al's proposal. To the extent that the 13 exhibits at issue here contain such evidence – and St. Luke's asserts that they do – the evidence would be relevant to a legitimate defense.

The St. Al's offer for Saltzer may also be relevant to the issue of fair market value (FMV). St Al's argues that St. Luke's paid a premium above FMV to capture market power and obtain more referrals. If a foundation is laid that St. Al's offer for Saltzer is a valid comparable, evidence of that offer may have some relevance to the FMV issue.

St Luke's also argues that some of the exhibits St. Al's seeks to exclude contain evidence that Saltzer physicians had a strained relationship with St. Al's. St Luke's argues that "[t]hese documents will provide support for defendants' position that any diminution in referrals to [St. Al's] is not a result of the affiliation between St. Luke's and Saltzer, but rather caused by the already acrimonious relationship between Saltzer and

**Memorandum Decision & Order – Page** 3

[St. Al's]." *See Defendant's Brief (Dkt. No. 177)* at p. 6. The acrimony has independent relevance, and does not justify delving into St Al's pursuit of Saltzer, unless there is some direct connection between the acrimony and St. Al's pursuit.

Finally, the Court agrees that some limited discussion of St. Al's pursuit of Saltzer may be necessary for St. Luke's to tell the full account of its purchase of Saltzer. But the Court will be careful to sustain any objection if the account gets too detailed.

The Court cannot rule on every aspect of the 13 exhibits identified by plaintiffs. It is enough to establish these guidelines and then rule on objections as they arise.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that the motion to exclude plaintiffs'' efforts to affiliate with Saltzer (docket no.156) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to exclude any evidence related to an unclean hands defense or not tied either to a legitimate defense or a direct rebuttal. It is denied to the extent it seeks to exclude (1) St. Al's analysis that certain terms of its proposal (similar to those of St. Luke's) would result in efficiencies; (2) Saltzer's analysis that St. Luke's proposal offered more efficiencies than St Al's proposal; (3) Evidence that St. Al's offer is a valid comparable and relates to the fair market value issue; and (4) a brief discussion of St. Al's efforts to acquire Saltzer to tell the full account of St. Luke's purchase.

**Memorandum Decision & Order – Page** 4

 DATED: September 30, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – Page** 5