UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>                Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>                Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>                Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>                Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it a motion to exclude certain testimony from defense expert Lisa Ahern. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## LEGAL STANDARD

Under Federal Rule of Evidence 702, this Court may exercise discretion to allow expert testimony if the testimony (1) "will help the trier of fact to understand the evidence or to determine a fact in issue;" (2) "is based on sufficient facts or data;" (3) "is the product of reliable principles and methods;" and (4) the expert "has reliably applied the principles and methods to the facts of the case." Rule 702 requires this Court to determine that the expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir.2010) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id*. at 565.

Because this is a bench trial "there [is] little danger under the circumstances that the court [will be] . . . unduly impressed by the expert's testimony or opinion," and the Court can give "it the weight [the Court feels] it deserved." *Shore v Mohave County, State of Ariz.,* 644 F.2d 1320, 1322-23 (9th Cir. 1981).

## ANALYSIS

St. Luke's will call Ms. Ahern to provide expert testimony on, among other things, the financial impact on Saltzer if its acquisition by St. Luke's is undone. Plaintiffs have moved to preclude Ms. Ahern from testifying on two issues:  (1) the ability of an unwound Saltzer to successfully recruit additional physicians; and (2) her opinion that an unwound Saltzer would be "far less competitive" in the event of a divestiture than it had

been prior to its affiliation with St. Luke's.  Plaintiffs argue that  Ms. Ahern lacks the requisite expertise to offer these opinions.

The Court begins its analysis by identifying those portions of Ms. Ahern's testimony that are *not* being challenged by plaintiffs.  Plaintiffs concede that Ms. Ahern has sufficient expertise to (1) conduct her financial analysis of the reduced revenues and increased costs she estimates would be faced by an unwound Saltzer, and (2) critique the referral analyses and projections performed by St. Al's witnesses.  *See Plaintiffs' Brief (Dkt. No. 173)* at p. 1.

Ms. Ahern begins her analysis with these unchallenged opinions.  She estimates that if Saltzer is unwound, compensation for the remaining Saltzer physicians will drop by 36% (when compared to 2012 compensation) due to the loss of 13 physicians.  *See Ahern Report (Dkt. No. 173-1)* at ¶ ¶ 179, 217.  These reductions, she opines, will drop Saltzer compensation below "regional norms."  *Id.* at ¶ 218.  For example, she describes one specific Saltzer physician who in 2012 was above the 50th percentile for compensation in his area, and she estimates that his compensation will drop below the 25th percentile.  *Id.* at ¶ 218.   This will make Saltzer appear to be a "struggling practice," according to Ms. Ahern.

Plaintiffs do not challenge this analysis.  But they do object to the conclusions Ms. Ahern draws from this analysis concerning recruiting and competitiveness.  She summarized her conclusions as follows:  "The decreased compensation levels *will likely negatively affect future recruiting efforts* as post-unwound Saltzer physician compensation is generally even less when compared to regional medians than it was prior

**Memorandum Decision & Order – page** 3

to the Saltzer Affiliation, *making Saltzer a less competitive employer than it would have been before the departed physicians left Saltzer.*"   *Id.* at ¶ 232 (emphasis added).

Ms. Ahern did not pull her opinion on recruitment out of thin air.  Her report contains a footnote reference to testimony from William Savage, the CEO of Saltzer, who testified that Saltzer had difficulties recruiting even under the 2012 compensation levels. *Id.* at n. 262.  Savage confirmed that testimony during this trial when he described in depth the difficulties Saltzer would have in recruiting physicians if this deal is unwound. *See Trial Testimony (Oct. 17, 2013).*

It is true that Ms. Ahern stated in her deposition that "I am not a physician recruiter."  *See Ahern Deposition (Dkt. No. 173-3)* at p. 32.  But she also described how in her past experience, she "did work through with the clients their plans for recruitment." *Id.*  Her resume, which is not challenged, shows extensive experience advising clients about the financial impacts of hospital mergers.  In this work, she evaluated whether additional physicians "could be recruited given the joint organization."   *Id.* at 20.  While she has never recruited physicians, she has experience in advising clients about recruitment issues arising in hospital mergers.  From her experience detailed above, she has the expertise to testify regarding those matters.

With regard to competitiveness, the Court does not interpret her opinions as being broad-based legal opinions taking into account all the factors that go into competitiveness.  Her testimony is narrower, focusing on the effect of a reduction in revenue that will cause Saltzer to struggle in attracting recruits.  This will, in her opinion, make Saltzer less competitive than it might have been if revenues were higher and

**Memorandum Decision & Order – page** 4

recruitment more robust.  This testimony relies on her long experience in the health care industry that allows her to make the comparison she makes here.  The Court cannot find it objectionable.

 For all of these reasons, the Court will deny the motion.

**ORDER**

 In accordance with the Memorandum Decision above,

 NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude testimony of Ahern (docket no. 172) is DENIED.

DATED: October 18, 2013

B. Lynn Winmill
Chief Judge
United States District Court