UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>　　　　　Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>　　　　　Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>　　　　　Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>　　　　　Defendants. | Case No. 1:13-CV-00116-BLW |

**INTRODUCTION**

The Court has before it a motion filed by various news agencies (referred to collectively as the Associated Press, or "AP") for immediate access to sealed trial material in this case. The Court heard oral argument on the motion, granting it in part, and indicating that a written decision would follow. This is that written decision, confirming the rulings made from the bench.

## ANALYSIS

The AP challenges this Court's method of closing the courtroom to avoid the public dissemination of sensitive trade secrets. The AP argues that the Court is improperly deferring to the parties in deciding what material should be sealed, and asks that all testimony and evidence that has been sealed be opened for public view.

This Court set forth the standard for sealing trial material in its Pretrial Order and will not repeat in full that discussion here. It is enough to say that the presumption of openness requires the proponent of sealing testimony or exhibits to demonstrate a "compelling reason" to do so. The case law holds that compelling reasons exist to seal trial material when the material contains sensitive trade secrets that could cause substantial harm if publically disseminated. *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178-1180 (9th Cir. 2006). This Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 (9th Cir. 2009).

The AP's late filing of this motion has created a  dilemma for the Court. The motion was not filed until after more than a week of trial had taken place. By the time the parties responded and oral argument was held, more than two weeks of trial had transpired. The late filing was especially egregious because the Court set forth its plan in a Pretrial Order filed September 17, 2013, so that representatives of the media would have an opportunity to file a pretrial motion to intervene and challenge the plan. However, the AP waited more than two weeks before filing this challenge.

At any rate, the Court recognizes the need to be more specific in finding the necessary "compelling reasons" to justify sealing certain testimony and exhibits.  For testimony and exhibits already sealed, the Court has ordered counsel to file affidavits justifying the sealing, and the Court will determine if compelling reasons exist for the sealing.  Going forward, counsel must justify by the same standard any sealings that they request.

To this point in the trial, the requests for sealing have largely been justified by compelling reasons.  For example, when testimony has been designated as confidential and the courtroom cleared, the Court has found that the testimony given during the closed session typically involved some combination of sensitive negotiation strategy, confidential financial projections, or personal compensation information.  Each of those areas contains sensitive information in this highly competitive field that could have a devastating financial impact on the parties (and third parties) if revealed.  While some of the closed testimony may not have touched on those areas, the public has been provided with a transcript of those portions of the closed testimony that should not have been sealed.  The Court is now reviewing the record to determine if any additional material can be disclosed.

As part of this resolution, the Court has offered counsel for AP the opportunity to review all the material under the same obligations as counsel for the parties.  The Court understands that AP's counsel has decided not to review the material.

In conclusion, the Court will grant in part the AP's motion.  The Court has required the parties to file justifications for the sealing of trial testimony and exhibits, and

the Court will review that material to determine if compelling reasons exist to seal the material. The Court will allow AP's counsel to review all trial material under the same obligation as counsel for the parties. Finally, the Court will direct counsel to continue to provide the public with a transcript of closed court hearings, redacted only to the extent that can be justified with compelling reasons, and the Court will review those redactions.

**ORDER**

In accord with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the AP's request for expedited hearing and motion to intervene for immediate access (docket no. 250) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks (1) intervention for the following parties to argue the access issue: The Associate Press, the Idaho Statesman Publishing LLC, the Idaho Press Club, Inc., the Idaho-Press Tribune (Nampa) owned by the Idaho Press-Tribune LLC, The Times-News (Twin Falls) owned by Lee Publications, Inc., Blue Cross of Idaho Health Service (BCI), Primary Health, Regence BlueShield, and Micron Technology, Inc; (2) an order directing the parties to file justifications for the material already sealed and, going forward, the material they request to be sealed; (3) authorization for AP's counsel to review all material, sealed or not, under the same obligation of confidentiality as the attorneys for the parties; and (4) Court review of the submissions by the parties and a final determination of whether compelling reasons exist for the sealings.



DATED: October 18, 2013

B. Lynn Winmill
Chief Judge
United States District Court