UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>            Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>            Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>            Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>            Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court completed a bench trial in this case in October of 2013, and directed counsel to file proposed Findings of Fact and Conclusions of Law.  Those have been filed and the case is at issue.  For the reasons explained below, the Court finds for the plaintiffs and will order divestiture of the affiliation between St. Luke's and the Saltzer Medical Group.

**Memorandum Decision & Order – page 1**

## SUMMARY OF ANALYSIS

For years, health care costs have exceeded the inflation rate. Americans spend more on health care than the next 10 biggest spenders combined – a list that includes Japan, Germany, France and the U.K. – yet we lag behind many of them on quality and patient outcomes. In Idaho, the quality of our health care is outstanding, but we pay substantially more than the national average for that quality.

Among the experts, there is a rough consensus on a solution to the cost and quality concerns nationwide. They advocate moving away from our present fee-for-service health insurance reimbursement system that rewards providers, not for keeping their patients healthy, but for billing high volumes of expensive medical procedures. A far better system would focus on maintaining a patient's health and quality of life, rewarding successful patient outcomes and innovation, and encouraging less expensive means of providing critical medical care. Such a system would move the focus of health care back to the patient, where it belongs.

In fact, there is a broad if slow movement to such a system. It will require a major shift away from our fragmented delivery system and toward a more integrated system where primary care physicians supervise the work of a team of specialists, all committed to a common goal of improving a patient's health.

St. Luke's saw this major shift coming some time ago. And they are to be complimented on their foresight and vision. They started purchasing independent physician groups to assemble a team committed to practicing integrated medicine in a system where compensation depended on patient outcomes.

**Memorandum Decision & Order – page 2**

In Nampa, they acquired the Saltzer Medical Group ("the Acquisition"). The combined entity now includes 80% of the primary care physicians in Nampa.  Its size, and the sterling reputations of Saltzer and St. Luke's, make it the dominant provider in the Nampa area for primary care, and give it significant bargaining leverage over health insurance plans.

These circumstances prompted the Federal Trade Commission (FTC), and a group of other health care providers including St. Alphonsus and Treasure Valley Hospital, to file this lawsuit claiming that the Acquisition violated the antitrust laws. They ask the Court to unwind the deal.

The antitrust laws essentially require the Court to predict whether the deal under scrutiny will have anticompetitive effects.  The Court predicts that it will.  Although possibly not the intended goal of the Acquisition, it appears highly likely that health care costs will rise as the combined entity obtains a dominant market position that will enable it to (1) negotiate higher reimbursement rates from health insurance plans that will be passed on to the consumer, and (2) raise rates for ancillary services (like x-rays) to the higher hospital-billing rates.

The Acquisition was intended by St. Luke's and Saltzer primarily to improve patient outcomes.  The Court is convinced that it would have that effect if left intact, and St. Luke's is to be applauded for its efforts to improve the delivery of health care in the Treasure Valley.  But there are other ways to achieve the same effect that do not run afoul of the antitrust laws and do not run such a risk of increased costs.  For all of these reasons, the Acquisition must be unwound.

**Memorandum Decision & Order – page 3**

For all of the reasons set forth in the Findings of Fact and Conclusions of Law which will be separately filed in accordance with this decision, the Court finds that the Acquisition violates § 7 of the Clayton Act and the Idaho Competition Act. The Court will permanently enjoin the Acquisition under § 7 of the Clayton Act and the Idaho Competition Act.  The Court will order St. Luke's to fully divest itself of Saltzer's physicians and assets and take any further action needed to unwind the Acquisition. While the plaintiffs ask the Court to order St. Luke's to notify the Government plaintiffs in advance of any future acquisitions of physician groups, the Court does not find such a remedy appropriate.

## DISCUSSION REGARDING CONFIDENTIAL INFORMATION

The Court has prepared detailed Findings of Fact and Conclusions of Law which have not been included in this decision . Those Findings and Conclusions contain material deemed sensitive and confidential by the parties and by third parties.  As the Court has explained in prior decisions, the presumption of openness requires the proponent of sealing testimony or exhibits to demonstrate a "compelling reason" to do so. The case law holds that compelling reasons exist to seal trial material when the material contains sensitive trade secrets that could cause substantial harm if publically disseminated.  *See Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178-1180 (9th Cir. 2006).  This Court is required to "articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2009).

**Memorandum Decision & Order – page 4**

As applied to this case, the potentially sensitive material involves some combination of (1) negotiation strategy, (2) financial projections, and/or (3) personal compensation information. With the legal standard set forth above in mind, the Court reviewed its Findings of Fact and Conclusions of Law, and determined that it should be released to the public without any redactions despite the claim that the materials referenced in the decision are sensitive and confidential.

The Court is concerned, however, that the parties and third parties have not had any opportunity to object to this analysis. Accordingly, the Court will file the Findings of Fact and Conclusions of Law as a sealed document, with no access by the public, the parties, or counsel. The Court will direct the Clerk to provide copies by e-mail only to counsel. The Court will include in that distribution list the third parties whose information was provided under seal to the Court.

The Court will direct the parties and third parties to file any objections on or before January 27, 2014. Any objections must be strictly limited to (1) identifying those portions of the Findings of Fact and Conclusions of Law that the party or third party seeks to have redacted and (2) explaining why there are compelling reasons to do so. Absolutely no other arguments will be allowed. The opportunity to make other arguments will be provided in the ordinary course of the proceedings after the final version is filed and made public. As set forth above, counsel must make a compelling case for any redactions. The Court will review the objections and determine if any redactions need to be made before the decision is filed in an unsealed form.

This dispute over redactions, however, will not change the result in the case. The Court has summarized its analysis above with the understanding that shortly it will be set forth in much greater detail in publicly filed Findings of Fact and Conclusions of Law.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Clerk file and seal the accompanying Findings of Fact and Conclusions of Law.

IT IS FURTHER ORDERED, that the Clerk provide copies by e-mail only to the following:

Bryan Nickles <ban@dukescanlan.com>, Ben Keith <bkeith@sidley.com>, Chris Boisvert <crb@powerstolman.com>, David Ettinger <dettinger@honigman.com>, Jack Bierig <jbierig@sidley.com>, Jessica Fitzpatrick <jfitzpat@sidley.com>, Jennifer Schwartz <jls@powerstolman.com>, Jessica Rothenberg <jrothenberg@sidley.com>, Keely Duke <ked@dukescanlan.com>, Kevin Scanlan <kjs@dukescanlan.com>, Kathleen Rockwell <krockwell@sidley.com>, Lara Phillip <lara.phillip@honigman.com>, "Hammond, Nancy J." <NJHAMMOND@stoel.com>, "Paul Fabien" <pfabien@honigman.com>, "Portia L. Rauer" <plr@powerstolman.com>, Raymond Powers <rdp@powerstolman.com>, "Glover, Ryan J." <RJGLOVER@stoel.com>, Sandee Stogsdill <sls@dukescanlan.com>, "Berry, Sara M." <SMBERRY@stoel.com>, Stacy Pepper <spepper@sidley.com>, Scott Stein <sstein@sidley.com>,tgreene2@ftc.gov, pherrick@ftc.gov, brett.delange@ag.idaho.gov, dlitvack@ftc.gov, warends@gklaw.com, colleen.zahn@ag.idaho.gov, ewilson@gklaw.com, koconnor@gklaw.com, dnoble@ftc.gov, carl.withroe@ag.idaho.gov, hsu@ftc.gov, maccornero@ftc.gov, mperry@ftc.gov, rschroeder@ftc.gov, syrena.hargrove@usdoj.gov, bkeith@sidley.com, cschafer@sidley.com, tflint@sidley.com, bjulian@ajhlaw.com, sdiddle@eberle.com, kgourley@idalaw.com, jwsinclair@hollandhart.com, mlw@elamburke.com

IT IS FURTHER ORDERED, that on or before January 27, 2014, the parties and third parties shall file any objections, limited strictly to identifying those portions of the

decision that they seek to have redacted and explaining why there are compelling reasons to do so.  **Absolutely no other arguments will be allowed.**

IT IS FURTHER ORDERED, that the Court will examine any objections and, without oral argument, determine whether they should be sustained or overruled.

IT IS FURTHER ORDERED, that all those who receive a copy of the Findings of Fact and Conclusions of Law shall not distribute it or discuss it in any way other than internally as necessary to prepare any objections.

DATED: January 24, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court