UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>          Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>          Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>          Plaintiffs,<br><br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>          Defendants. | Case No. 1:13-CV-00116-BLW |

**INTRODUCTION**

On January 24, 2014, the Court filed Findings of Fact and Conclusions of Law following a bench trial. In a separate decision filed the same day, the Court explained that although the Findings and Conclusions contained material designated as confidential by the parties, the Court had concluded that the Findings and Conclusions should be made public without any redactions. To give counsel a chance to object to this analysis,

the Court filed the Findings and Conclusions under seal and gave counsel three days to

file any objections.  St Luke's and Blue Cross filed objections, while plaintiffs stated that

they had no objections.  After reviewing the objections, the Court finds that they fail to

satisfy the high standard for sealing judicial material.  The Court's analysis is set forth in

more detail below.

## ANALYSIS

There is a "strong presumption" in favor of access, and a party seeking to seal

judicial materials must identify "compelling reasons" that outweigh the "public interest in

understanding the public process." *Kamakana v. City & County of Honolulu*, 447 F.3d

1172, 1178-1180 (9th Cir. 2006).  There may be compelling reasons to seal "business

information that might harm a litigant's competitive standing." *Nixon v. Warner

Communications, Inc.,* 435 U.S. 589, 598 (1978).  But the "mere fact that the production

of records may lead to a litigant's embarrassment, incrimination, or exposure to further

litigation will, not, without more, compel the court to seal its records." *Kamakana,* 447

F.3d at 1178.

In a past decision, the Court found generally that the testimony given during

closed sessions "typically involved some combination of sensitive negotiation strategy,

confidential financial projections, or personal compensation information." *See

Memorandum Decision (Dkt. No. 357).*   At the time, the Court was convinced that there

were compelling reasons to seal those proceedings.

However, as the case proceeded, those reasons appeared less compelling.  For

example, Blue Cross wants redacted any reference to its experience in Twin Falls with

**Memorandum Decision & Order – page** 2

the Physician Center.  That experience is nearly five years in the past, an eternity in this fast moving field, and there is no discussion of personal compensation, future strategy, or sensitive details in this brief account.  There may be a minor competitive disadvantage from revealing the incident, but it pales before the public's right to understand the Court's analysis.

The same analysis applies to the attempts to redact statements that (1) St Luke's or Saltzer are "must have" providers in the Blue Cross network, (2) that Blue Cross would not have a "sustainable product" without them, and (3) that the Acquisition would take away a health insurer's best outside option and make negotiations more difficult.  These are very general statements and were repeated in various forms by so many witnesses that they are essentially matters of common knowledge.

St Luke's and Blue Cross object to revealing specific figures and percentages regarding hospital-based billing.  The practice of hospital-based billing has been widely-publicized, however.  *See Rosenthal, "As Hospital Prices Soar, a Stitch Tops $500,"* New York Times (Dec. 2, 2013)*; Brill, "Bitter Pill,"* Time Magazine (Feb. 20, 2013).  The Court only discusses specific numbers in less than a handful of paragraphs.  While revealing those numbers may offer some insight to competitors, the effect is not great, especially when compared to the powerful insight those figures offer to the public trying to understand how the Court arrived at its decision.

St. Luke's and Blue Cross want redacted any reference to St Luke's reimbursements from Blue Cross growing from an average amount in 2007 to a top-five amount in 2012.  Again, the bargaining leverage that St. Luke's has with payors is well-

known within the industry, and confirming that with a few figures causes no great competitive harm.  Given the testimony at trial, St. Luke's position at the top of the reimbursement list will not surprise anyone.

Finally, Blue Cross wants redacted the paragraph explaining that it pays more than Medicare for some provider services.  Blue Cross complains that these figures will "disclose to its competitors the reimbursement rates it has negotiated with hospitals and physicians."  *See Objection (Dkt. No. 466)* at p. 6.  But the paragraph does not reveal any reimbursement rates paid to hospitals or doctors, and only points out that Blue Cross pays more than Medicare without breaking down the recipients of those reimbursements.  Such a general discussion can do little competitive harm, but the paragraph is vital to demonstrate the current status of health care prices in Idaho.

## CONCLUSION

To prevail in their attempt to redact portions of the Court's decision, St. Luke's and Blue Cross must show "compelling reasons" that outweigh the "public interest in understanding the public process."  *Kamakana,* 447 F.3d at 1178.  They have not met that heavy burden.  Whatever insights competitors may glean from the decision, the insights gained by the public in understanding the Court's analysis will be far more significant.  The facts and figures sought to be redacted are crucial to the Court's analysis, and their removal would render the decision indecipherable.

For all of these reasons, the Court will overrule the objections and order that the Findings and Conclusions be immediately unsealed.

## ORDER

In accord with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the objections (docket nos. 465 & 466) are OVERRULED, and the Clerk is directed to unseal the Findings of Fact and Conclusions of Law (docket no. 464).

DATED: January 28, 2014

B. Lynn Winmill
Chief Judge
United States District Court