UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>    Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>    Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>    Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>    Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it a motion for stay filed by defendants St. Luke's and Saltzer. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In an earlier decision, the Court found that the acquisition by St. Luke's of Saltzer violated the Clayton Act and the Idaho Competition Act. *See Findings of Fact and*

**Memorandum Decision & Order – page 1**

*Conclusions of Law (Dkt. No. 464).* The Court permanently enjoined St. Luke's from acquiring Saltzer and ordered that "St. Luke's shall fully divest itself of Saltzer's physicians and assets and take any further action needed to unwind the acquisition." *See Judgment (Dkt. No. 471).*

St. Luke's now seeks to stay that decision and continue operating as a combined entity with Saltzer. To obtain a stay, St. Luke's and Saltzer bear the burden of demonstrating that (1) they are likely to succeed on the merits of their appeal; (2) they will be irreparably injured absent a stay; (3) issuance of a stay will not substantially injure other parties interested in the proceeding; and (4) the public interest favors a stay. *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012). The first two factors "are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

**Likelihood of Success on the Merits**

*Nken* held that it is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." *Id.* At a minimum, a petitioner must show that there is a "substantial case for relief on the merits." *Lair,* 697 F.3d at 1204.

St. Luke's argues that this element is satisfied by pointing to the Court's comments from the bench that this was a very difficult case. *See Trial Transcript* at pg. 3669. The Court's struggle, however, focused on how the existing law seemed to hinder innovation and resist creative solutions. The rapid changes in health care require flexibility and experimentation, two virtues that are not emphasized in the antitrust law. The Court was expressing its frustration that it could not rewrite the law but had to accept

**Memorandum Decision & Order – page 2**

it as written.  The law itself was clear, and the facts equally so.  The application of those facts to the law compelled divestiture, "the remedy best suited to redress the ills of an anticompetitive merger." *California v. Am. Stores Co*., 495 U.S. 271, 285 (1990).  Under these circumstances, the Court cannot find that St. Luke's and Saltzer have a substantial case for relief on the merits.

**Irreparable Harm**

Regarding the second factor, the applicant must show "that there is a *probability* of irreparable injury if the stay is not granted."  *Id.* at 1214.  This Court must focus on the "individualized nature of irreparable harm and not whether it is categorically irreparable."  *Id.*

St. Luke's argues that unwinding the deal, and returning Saltzer to its former independent status, "would put Saltzer in financial peril."  *See Reply Brief (Dkt. No. 495)* at pg. 5.  St. Luke's points out that immediate divestiture would result in Saltzer physicians losing 30% of their compensation, "which results from Saltzer's loss of seven orthopedic surgeons before the transaction closed."  *Id.*

The Court has already addressed St. Luke's assertion that Saltzer cannot stand alone after losing the seven surgeons.  *See Findings & Conclusions, supra,* at pg. 48.  Those surgeons left in large part *because of* the impending acquisition.  *Id.*  In essence, Saltzer's "financial peril" has been self-inflicted.  Such harm does not generally satisfy the irreparable harm standard.  *See* 11A Wright, Kane, Miller & Marcus, *Federal Practice and Procedure* § 2948.1 (2d ed. 2011) ("Not surprisingly, a party may not satisfy the irreparable harm requirement if the harm complained of is self-inflicted.")

**Memorandum Decision & Order – page 3**

Moreover, the testimony of St. Luke's financial expert, Lisa Ahern, regarding the 30% reduction was limited to the first year after divestiture. *See Trial Transcript* at pp. 3280. She offered no opinion on whether divestiture would cause Saltzer to (1) go out of business, (2) be unprofitable, (3) be unable to compete, or (4) lose physicians. *Id.* at 3280-83. The harm caused by the salary reductions would be substantially mitigated by the $9 million that St. Luke's has paid to Saltzer as part of the acquisition, a payment that does not have to be returned upon divestiture. *See Findings & Conclusions, supra,* at ¶ 58, pg. 48.

Certainly there will be some hardship caused by the unwinding. But given the findings discussed above, the Court cannot find it probable that this hardship will rise to the level of irreparable injury.

## **Substantial Injury**

To satisfy the third element for a stay, St. Luke's must demonstrate that the issuance of a stay will not substantially injure other parties interested in the proceeding. *Lair,* 697 F.3d at 1203. In support of this element, St. Luke's argues that "it would be completely self-defeating for defendants to try to increase prices above competitive levels in the sole market at issue in this case while the appeal is pending." *See Reply Brief, supra,* at p. 7. But prices were only part of the antitrust harm; another part was the physician referrals that would be steered to St. Luke's. Those referrals are made by physicians, and the defendants have far less control over referrals than prices – indeed, St. Luke's has asserted all along in this litigation that it imposes no control over referrals. *See Findings and Conclusions, supra* at ¶ 134. Nevertheless, as the Court found in its

**Memorandum Decision & Order – page 4**

earlier decision, the physicians referrals to St. Luke's rise when a physician practice is acquired. *Id.* at ¶¶ 136-39. There is no guarantee that will not continue if a stay is imposed, causing injury to the private plaintiffs in this case.

Perhaps most importantly, a stay would lock into place the anticompetitive bargaining advantage that St. Luke's could continue to use to its advantage. There are a myriad of ways to use this advantage other than price increases, and it could cause substantial injury to consumers.

For all of these reasons, the Court finds that St. Luke's and Saltzer have not established this element required for a stay.

**Public Interest**

The final element requires the Court to inquire into whether the public interest favors a stay. *Lair,* 697 F.3d at 1203. Here, the acquisition could improve patient outcomes, but at the same time raise health care prices. The Court expressed its struggle with this issue in its earlier decision:

> The Acquisition was intended by St. Luke's and Saltzer primarily to improve patient outcomes. The Court believes that it would have that effect if left intact, and St. Luke's is to be applauded for its efforts to improve the delivery of health care in the Treasure Valley. But there are other ways to achieve the same effect that do not run afoul of the antitrust laws and do not run such a risk of increased costs. For all of these reasons, the Acquisition must be unwound.

Given this analysis, the public interest element is a wash because it both supports and rejects a stay.

**Conclusion**

In conclusion, the Court cannot find that St. Luke's and Saltzer have established the requirements for a stay. The motion will be denied.[1]

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that defendants' motion for stay (docket no. 473) is DENIED.

IT IS FURTHER ORDERED, that St. Al's motion for leave to file supplemental brief (docket no. 502) is DENIED.

DATED: June 18, 2014

B. Lynn Winmill
Chief Judge
United States District Court

---

[1] St. Al's seeks to file a supplemental brief arguing that since the trial, Saltzer outpatient referrals to St. Al's have declined dramatically. St. Luke's disputes this and requests additional discovery if the Court is going to consider the St. Al's filing. In fairness, St. Luke's would be entitled to more discovery if the Court were to consider St. Al's supplemental brief. Another round of discovery would increase costs, delay the appeal, and be largely unnecessary because the Court is denying St. Luke's motion for stay anyway. Accordingly, the Court has not considered St. Al's supplemental brief and will deny the motion to allow its filing.