J. Walter Sinclair, ISB #2243
jwsinclair@hollandhart.com
Brian C. Wonderlich, ISB #7758
bcwonderlich@hollandhart.com
HOLLAND & HART LLP
800 West Main Street, Ste 1750
Boise, ID 83702
(208) 383-3928

Jack R. Bierig *(pro hac vice)*
jbierig@sidley.com
Scott D. Stein *(pro hac vice)*
sstein@sidley.com
Charles K. Schafer *(pro hac vice)*
cschafer@sidley.com
Tacy F. Flint *(pro hac vice)*
tflint@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

Attorneys for Defendants St. Luke's Health System, Ltd. and St. Luke's Regional Medical Center, Ltd.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER, NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ST. LUKE'S HEALTH SYSTEM, LTD, and ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., <br><br> Defendants. | Case No. 1:12-cv-00560-BLW (Lead Case) <br><br><br> **ST. LUKE'S PARTIAL OPPOSITION TO TREASURE VALLEY HOSPITAL'S MOTION FOR RECONSIDERATION (Dkt. 520-1) OF THE COURT'S JULY 3, 2014 ORDER REGARDING UNSEALING CERTAIN EXHIBITS** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO <br><br> Plaintiffs, <br><br> v. <br><br> ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A. <br><br> Defendants. | Case No. 1:13-cv-00116-BLW |

**INTRODUCTION**

Treasure Valley Hospital ("TVH") has asked this Court to permit it to withhold from the public, or to redact, more than half of the 27 trial exhibits that the Court ordered to be publicly filed. St. Luke's opposes TVH's motion with regard to certain of those exhibits that should not be withheld from public view, as set forth below. St. Luke's takes no position regarding the remainder of TVH's motion.

**1.      There Is No Legitimate Basis for Keeping from the Public Exhibit 2107.**

TVH argues that Exhibit 2107 contains strategic planning information that "would be damaging if revealed." (Mtn. at 9.) However, in the same description, TVH makes clear that this Powerpoint was prepared in 2012, involved planning for 2012-2013 (i.e., years that have now passed), and was put together for a "*Potential* Investor Meeting" for the Treasure Valley Surgery Center ("TVSC"). (*Id.*) In other words, this information was presented two years ago to individuals who were not at the time investors in TVSC. TVSC has not suggested that those individuals were required to sign any sort of non-disclosure agreement before viewing this information. As such, the presentation cannot be considered confidential financial information.

Moreover, even if the presentation had been made only to *actual* as opposed to *potential* investors in TVSC, the document should not be kept from public view. The majority of the presentation is comprised of high-level descriptions of Surgical Care Affiliates' scope and services, its relationship with Saint Alphonsus, and other marketing pitches to potential investors. The only actual numbers contained in the document are a series of "low," "base" and "high" *future* projections of expenses, income, earnings and case load. These speculative projections were not treated as highly sensitive (as evidenced, again, by the audience for this presentation). However, they are highly relevant to defendants' defenses to TVH's allegations.

**ST. LUKE'S PARTIAL OPPOSITION TO TREASURE VALLEY HOSPITAL'S MOTION FOR RECONSIDERATION (Dkt. 520-1) OF THE COURT'S JULY 3, 2014 ORDER REGARDING UNSEALING CERTAIN EXHIBITS – Page 1**

In particular, this document sheds light on whether TVH's predictions in this litigation regarding the effects of St. Luke's affiliation with Saltzer (and its statements regarding the effects of previous St. Luke's affiliations) are supported by what it was telling potential investors in the Treasure Valley.

**2.      There Is No Legitimate Basis for Redacting the Entirety of Exhibit 2111.**

TVH seeks to seal the entirety of Exhibit 2111, even though much of the information in the exhibit falls outside of this Court's guidance regarding what constitutes "Attorney Eyes Only" ("AEO") information.  TVH correctly identifies the document as containing "third party payor mix" data over a "six year period" (Mtn. at 10), but does not identify that that period covers January 2006 through October 2011.  Per this Court's Pretrial Order (*Dkt. No. 209*) and its Memorandum Decision and Order (*Dkt. No. 511*), only "current" information – defined as "within the last four years" – is entitled to AEO protection.  Of the seven columns of data in Exhibit 2111's Payor Mix charts (pages 1-3), four columns (2006, 2007, 2008 and 2009) do not qualify for AEO protection.

Moreover, even with respect to the 2010, 2011 and "Total" columns on pages 1 through 3, while the individual dollar amounts likely are protectable AEO, the payor mix percentages are not, as they do not fall into any of the categories of AEO identified by this Court.  The same is true of the pie charts at pages 4-6, which contain only percentages.  This information is highly relevant to the public's understanding of the difference in payor mix between hospitals like St. Luke's and ambulatory surgery centers like Treasure Valley Hospital.  As such, Exhibit 2111 should be unsealed and, if anything is to be redacted, the redactions should be limited to the dollar amounts contained in the 2010, 2011 and "Total" columns on pages 1-3 of the exhibit.

**ST. LUKE'S PARTIAL OPPOSITION TO TREASURE VALLEY HOSPITAL'S
MOTION FOR RECONSIDERATION (Dkt. 520-1) OF THE COURT'S JULY 3, 2014
ORDER REGARDING UNSEALING CERTAIN EXHIBITS – Page 2**

**3.      There Is No Legitimate Basis for Keeping from the Public Exhibit 2118.**

TVH contends that this document consists of emails containing "sensitive strategic planning for 2012-2013." A review of the document, however, does not reveal any strategic planning for 2012-2013, other than the opportunity for Saltzer to invest in TVH (which fact was disclosed in TVH's description of this exhibit in its motion). As with Exhibit 2107, this email was to be sent not to TVH shareholders – or others with some duty to maintain the information confidentially – but, rather, to all Saltzer partners. As such, this document could not have been prepared with an expectation of confidentiality.

However, even if TVH had expected this document to be maintained in confidence when prepared, there is no legitimate basis to shield it from public view now. This document sheds further light on TVH's claims in this litigation – given its own efforts to affiliate with Saltzer. It highlights the financial performance of TVH and the return on investment that its physicians have received. TVH should not be permitted to make the public claims it has regarding the St. Luke's-Saltzer affiliation while preventing the public from seeing documents that call into question the motivations behind, and credibility of, such claims.

**4.      There Is No Legitimate Basis for Keeping from the Public Exhibits 2645, 2646, and 5088[1].**

Finally, TVH seeks to withhold from disclosure a series of documents evidencing the direction of TVH's financial performance and productivity over the past several years. These documents are highly relevant to evaluating TVH's claims that it has been harmed financially by St. Luke's prior affiliations with other physicians in the Treasure Valley. To be sure, Pages 4-8 of Exhibit 5088 do contain sensitive information regarding case counts of specific TVH

---

[1] TVH identified this document as Exhibit 5008, but St. Luke's assumes that was a typo and that TVH actually intended to reference Exhibit 5088.

**ST. LUKE'S PARTIAL OPPOSITION TO TREASURE VALLEY HOSPITAL'S MOTION FOR RECONSIDERATION (Dkt. 520-1) OF THE COURT'S JULY 3, 2014 ORDER REGARDING UNSEALING CERTAIN EXHIBITS – Page 3**

surgeons, but that issue can be remedied by redacting only the names of those surgeons as TVH requested on page 9 of its brief with respect to this same exhibit (again, Exhibit 50*88* – not 50*08*, as erroneously stated) under Category 1.  (Mtn. at 9.)  With the exception of that information, however, TVH should not be permitted to shield this information from public view, particularly given the public claims that it has made in connection with this litigation.

## CONCLUSION

For the foregoing reasons St. Luke's opposes TVH's motion for reconsideration with regard to Exhibits 2107, 2111, 2118 and 5008.


Respectfully submitted,


|  |  |
|---|---|
| Dated: August 5, 2014 | s/ J. Walter Sinclair |
|  | J. Walter Sinclair |
|  | HOLLAND & HART LLP |
|  | 800 West Main Street, Ste. 1750 |
|  | Boise, ID 83702 |
|  | (208) 342-5000 |
|  |  |
|  | Jack R. Bierig |
|  | Scott D. Stein |
|  | Charles K. Schafer |
|  | Tacy F. Flint |
|  | Ben Keith |
|  | SIDLEY AUSTIN LLP |
|  | One South Dearborn |
|  | Chicago, IL 60603 |
|  | (312) 853-7000 |
|  |  |
|  | *Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd. and Saltzer Medical Group* |

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 5, 2014, I filed the foregoing **ST. LUKE'S PARTIAL OPPOSITION TO TREASURE VALLEY HOSPITAL'S MOTION FOR RECONSIDERATION (Dkt. 520-1) OF THE COURT'S JULY 3, 2014 ORDER REGARDING UNSEALING CERTAIN EXHIBITS** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

| | |
|---|---|
| Brett T. Delange - Atty General | brett.delange@ag.idaho.gov |
| Brian K. Julian – Saltzer | bjulian@ajhlaw.com |
| Bryan Nickels - St Al's | ban@dukescanlan.com |
| Carl Withroe - Atty General | Carl.Withroe@ag.idaho.gov |
| Chris Boisvert – TVH | crb@powerstolman.com |
| Colleen D. Zahn - Atty General | colleen.zahn@ag.idaho.gov |
| Danica Noble – FTC | dnoble@ftc.gov |
| David Ettinger - St Al's | dettinger@honigman.com |
| Douglas E. Litvack – FTC | dlitvack@ftc.gov |
| Eric J. Wilson - SD Atty General | ewilson@gklaw.com |
| Henry C. Su – FTC | hsu@ftc.gov |
| J. Thomas Greene – FTC | tgreen2@ftc.gov |
| Jack Alan Rovner | jrovner@hlconsultancy.com |
| Jennifer Schwartz – TVH | jls@powerstolman.com |
| JSM – TVH | jsm@powerstolman.com |
| Kadye Bird - St. Al's | klb@dukescanlan.com |
| Kay Lynn Moorhouse | klm@dukescanlan.com |
| Keely Duke - St Al's | ked@dukescanlan.com |
| Kevin J. O'Connor - SD Atty General | koconnor@gklaw.com |
| Kevin Scanlan - St Al's | kjs@dukescanlan.com |
| Lara Phillip - St Al's | lara.phillip@honigman.com |
| Matthew P. Accornero – FTC | maccornero@ftc.gov |
| Michael J. Perry – FTC | mperry@ftc.gov |
| N. Roberts - St Al's | nroberts@honigman.com |
| Paul Fabien - St Al's | pfabien@honigman.com |
| Peter C. Herrick – FTC | pherrick@ftc.gov |
| Portia L. Rauer – TVH | plr@powerstolman.com |
| Raymond Powers – TVH | rdp@powerstolman.com |
| Robert J. Schroeder – FTC | rschroeder@ftc.gov |
| S. Hakim - St. Al's | shakim@honigman.com |
| S.Sajewski – FTC | ssajewski@ftc.gov |
| Sandee Stogsdill - St Al's | sls@dukescanlan.com |
| Teresa Taylor - Atty General | teresa.taylor@ag.idaho.gov |
| Wendy K. Arends - SD Atty General | warends@gklaw.com |
| Syrena C. Hargrove – FTC | syrena.hargrove@usdoj.gov |

| | |
|---|---|
| Colleen D. Zahn – Atty General | colleen.zahn@ag.idaho.gov |
| Charles A. Brown – Press | CharlesABrown@cableone.net |
| Matthew L. Walters - Regence | mlw@elamburke.com |
| Erik F. Stidham - Primary Health | EFStidham@hollandhart.com |
| Scott E. Randolph - PHMG & Micron | SERandolph@hollandhart.com |

By: /s/ J. Walter Sinclair

J. Walter Sinclair