J. Walter Sinclair, ISB #2243
jwsinclair@hollandhart.com
Brian C. Wonderlich, ISB #7758
bcwonderlich@hollandhart.com
HOLLAND & HART LLP
800 West Main Street, Ste 1750
Boise, ID 83702
(208) 383-3928

*Attorneys for Defendants St. Luke's Health System, Ltd. and St. Luke's Regional Medical Center, Ltd.*

Jack R. Bierig *(pro hac vice)*
jbierig@sidley.com
Scott D. Stein *(pro hac vice)*
sstein@sidley.com
Charles K. Schafer *(pro hac vice)*
cschafer@sidley.com
Tacy F. Flint *(pro hac vice)*
tflint@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER, NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ST. LUKE'S HEALTH SYSTEM, LTD, and ST. LUKE'S REGIONAL MEDICAL CENTER, LTD., <br><br> Defendants. | Case No. 1:12-cv-00560-BLW (Lead Case) <br><br> **ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*)** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO <br><br> Plaintiffs, <br> v. <br> ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A. <br> Defendants | Case No. 1:13-cv-00116-BLW |

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 1**

Defendants St. Luke's Health System, Ltd., and St. Luke's Regional Medical Center, Ltd. (collectively, "St. Luke's") hereby partially oppose the Motion for Redaction of Selected Trial Exhibits (*Dkt. No. 524*) that this Court ordered to be unsealed, filed by Saint Alphonsus Medical Center - Nampa, Inc., Saint Alphonsus Health System, Inc., and Saint Alphonsus Regional Medical Center, Inc. (collectively, "Saint Al's").  In particular, St. Luke's objects to Saint Al's efforts to shield from the public relevant information in Exhibits 2084, 2087 and 2157 regarding its plans to expand and/or relocate its hospital services in Nampa.

Saint Al's has claimed throughout this litigation – both in pleadings, testimony and other public forums – that St. Luke's efforts to affiliate with the Saltzer Medical Group ("Saltzer") threaten the continuing operations of Saint Al's Nampa hospital.  Saint Al's should not be permitted to make such claims while at the same time shielding from public view the specifics of its plans to expand and/or relocate its hospital services in Nampa in response to competition from St. Luke's, including both the timeline for such an expansion and the amount of money Saint Al's proposes to spend on such a venture.  This information is highly relevant to the public's consideration of Saint Al's claims of imminent harm resulting from Saltzer's affiliation with St. Luke's.  It is particularly inappropriate for Saint Al's to seek to keep this information from the public after it has issued promotional pieces regarding its future plans to expand the Nampa Health Plaza, which selectively disclose the exact same types of information that it seeks to redact from these exhibits.  *See* Exh. 2640 at 6-7.

1.  **There Is No Legitimate Basis for Keeping From the Public Most of the Information Proposed to be Redacted From Exhibit 2084.**

Exhibit 2084 is a presentation regarding the "Saint Alphonsus Medical Center – Nampa; Nampa Health Plaza – Phase II" from November 2012.  By November 2012, Saint Al's knew

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 2**

that Saltzer and St. Luke's intended to proceed with their affiliation.  Saint Al's has identified two purported potential competitive harms that might arise from the disclosure of the information in Exhibit 2084: (1) that disclosure of the cost estimates for Phase II of the Nampa Health Plaza "would hamper Saint Alphonsus' negotiations with potential vendors for the construction, who would benefit from knowledge of how much Saint Alphonsus projects that it would be willing to spend"; and (2) that disclosing the detailed time line would "give St. Luke's a significant competitive advantage by enabling St. Luke's to anticipate when Saint Alphonsus' Phase II facility might be operative and to plan its own competitive response." (Memo. at 7-8.)

With respect to the first claim, the presentation includes only an overall figure for the building of four separate facilities.  It strains credulity to argue that vendors would be able to use that general number against Saint Al's in negotiations over specific work to be performed to complete portions of that master project.[1]  On the other hand, that number is particularly significant in allowing the public to evaluate the credibility of Saint Al's claims of harm to its Nampa operations from Saltzer's affiliation with St. Luke's – while it is, at the same time, proposing to spend the amount of money sought to be redacted on new facilities in Nampa.

The timeline sought to be redacted should also be made public.  It puts into perspective Saint Al's claims of competitive harm from the Saltzer transaction, and there is nothing particularly competitively sensitive about that timeline.  Moreover, Saint Al's own arguments that it has not yet made a decision regarding Phase II and that "no specifics regarding Saint

---

[1] Contrast this, for example, with the more granular numbers included in Exhibits 2086 and 2157, which contain specific estimates for categories such as site preparation, construction/ building purchase, utility relocation, and office space remodeling.  (Exh. A to Memo. at pp. ALPH00430538-39.) St. Luke's does not oppose the redaction of these more specific numbers.

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 3**

Alphonsus' contingency planning for Phase II has been made" (Memo at 7), belie its claim that St. Luke's (or any competitor) could use that proposed timeline to "plan [a] competitive response." The only information that might be legitimate to redact from Exhibit 2084 are the "Clinical Integration Opportunities" proposed to be redacted from page 31 of the document, which also are less relevant to an evaluation of Saint Al's claims in this litigation.

As referenced above, Saint Al's efforts to redact these numbers and dates are further undermined by its own promotional materials. These materials disclosed to the public Saint Al's general long term plans for expanding services in Nampa through the year 2020, specific upcoming projects that it had in the pipeline, and the amount of money it would spend on its expansion of certain services. *See* Exh. 2640 at 6-7. This selective disclosure of the same categories of information Saint Al's seeks to redact here belies its claim of competitive harm if the information were to be disclosed.

As such, pages 40 and 42 of Exhibit 2084 should be unsealed as ordered by this Court, and Saint Al's should not be permitted to shield the critical information therein from the public.

2. **There Is No Legitimate Basis for Keeping From the Public Much of the Information Proposed to be Redacted From Exhibits 2087 & 2172.**

For the same reasons as identified with respect to Exhibit 2084, Saint Al's should not be permitted to redact highly relevant information regarding the Saint Al's-Nampa Relocation plan from Exhibits 2087 and 2172. These exhibits, which are duplicates with respect to the pages sought to be redacted, are versions of a document entitled "SAMC-Nampa Relocation" Pre-Construction Business Plan" dated January 3, 2013 – *after* the Saltzer-St. Luke's affiliation had been finalized.

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 4**

Saint Al's again proposes to redact information regarding its original timeline for starting and completing that relocation project as well as high level dollar amounts that it proposes to spend on the project.  (Exh. A to Memo. at Exhibit 2087, pp. 3-7, 38, 45, 46 (final project estimate dollar amounts).)  As with Saint Al's proposed redactions to Exhibit 2084, these dollar amounts and dates are highly relevant to the public's evaluation of Saint Al's claims, and would not cause competitive harm to Saint Al's for the same reasons as identified above with respect to Exhibit 2084.[2]  For these reasons, Saint Al's request to redact the information on pages 3-7, 38, 45 ("Alternatives and Contingencies" and "Financial Performance" dollar amounts) and 46 (final project estimate dollar amounts) should be denied.

## CONCLUSION

For the reasons set forth above, St. Luke's requests that this Court reject Saint Al's request to redact the information specified above from Exhibits 2084, 2087 and 2157, regarding Saint Al's future plans in Nampa.  That information is highly relevant to the public's evaluation of its claims of imminent harm to its hospital services in Nampa as a result of the affiliation between Saltzer and St. Luke's – and does not involve disclosure of any specific information that would put Saint Al's at a competitive disadvantage.

---

[2] As with Exhibits 2086 and 2172, however, there are some numbers from Exhibits 2087 and 2172 that more reasonably could be redacted; namely, the specific dollar amounts included on pages 8, 9, 36, 42, 45 (only the top circled proposed redaction on the page), 46 (everything except for the final project estimate numbers) and the strategic planning included on pages 34, 43, 49-50, the unnumbered "Nampa Hospital Rightsizing" documents.

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (***Dkt. No. 524***) – Page 5**

Respectfully submitted,

|  |  |
|---|---|
|  | s/ J. Walter Sinclair |
|  | J. Walter Sinclair |
| Dated: August 6, 2014 | HOLLAND & HART LLP |
|  | 800 West Main Street, Ste. 1750 |
|  | Boise, ID 83702 |
|  | (208) 342-5000 |

Jack R. Bierig
Scott D. Stein
Charles K. Schafer
Tacy F. Flint
Ben Keith
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000

*Attorneys for St. Luke's Health System, Ltd., St. Luke's Regional Medical Center, Ltd. and Saltzer Medical Group*

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 6**

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on August 5, 2014, I filed the foregoing **ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*))** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing:

| | |
|---|---|
| Brett T. Delange - Atty General | brett.delange@ag.idaho.gov |
| Brian K. Julian – Saltzer | bjulian@ajhlaw.com |
| Bryan Nickels - St Al's | ban@dukescanlan.com |
| Carl Withroe - Atty General | Carl.Withroe@ag.idaho.gov |
| Chris Boisvert – TVH | crb@powerstolman.com |
| Colleen D. Zahn - Atty General | colleen.zahn@ag.idaho.gov |
| Danica Noble – FTC | dnoble@ftc.gov |
| David Ettinger - St Al's | dettinger@honigman.com |
| Douglas E. Litvack – FTC | dlitvack@ftc.gov |
| Eric J. Wilson - SD Atty General | ewilson@gklaw.com |
| Henry C. Su – FTC | hsu@ftc.gov |
| J. Thomas Greene – FTC | tgreen2@ftc.gov |
| Jack Alan Rovner | jrovner@hlconsultancy.com |
| Jennifer Schwartz – TVH | jls@powerstolman.com |
| JSM – TVH | jsm@powerstolman.com |
| Kadye Bird - St. Al's | klb@dukescanlan.com |
| Kay Lynn Moorhouse | klm@dukescanlan.com |
| Keely Duke - St Al's | ked@dukescanlan.com |
| Kevin J. O'Connor - SD Atty General | koconnor@gklaw.com |
| Kevin Scanlan - St Al's | kjs@dukescanlan.com |
| Lara Phillip - St Al's | lara.phillip@honigman.com |
| Matthew P. Accornero – FTC | maccornero@ftc.gov |
| Michael J. Perry – FTC | mperry@ftc.gov |
| N. Roberts - St Al's | nroberts@honigman.com |
| Paul Fabien - St Al's | pfabien@honigman.com |
| Peter C. Herrick – FTC | pherrick@ftc.gov |
| Portia L. Rauer – TVH | plr@powerstolman.com |
| Raymond Powers – TVH | rdp@powerstolman.com |
| Robert J. Schroeder – FTC | rschroeder@ftc.gov |
| S. Hakim - St. Al's | shakim@honigman.com |
| S.Sajewski – FTC | ssajewski@ftc.gov |
| Sandee Stogsdill - St Al's | sls@dukescanlan.com |
| Teresa Taylor - Atty General | teresa.taylor@ag.idaho.gov |
| Wendy K. Arends - SD Atty General | warends@gklaw.com |
| Syrena C. Hargrove – FTC | syrena.hargrove@usdoj.gov |
| Colleen D. Zahn – Atty General | colleen.zahn@ag.idaho.gov |
| Charles A. Brown – Press | CharlesABrown@cableone.net |

**ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS'S MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS (*Dkt. No. 524*) – Page 7**

| | |
|---|---|
| Matthew L. Walters - Regence | mlw@elamburke.com |
| Erik F. Stidham - Primary Health | EFStidham@hollandhart.com |
| Scott E. Randolph - PHMG & Micron | SERandolph@hollandhart.com |

                                            By: /s/ J. Walter Sinclair_____
                                                  J. Walter Sinclair