Keely E. Duke
ISB 6044; ked@dukescanlan.com
Duke Scanlan & Hall, PLLC
1087 W. River Street, Suite 300
P.O. Box 7387
Boise, ID 83707
Telephone (208) 342-3310
Facsimile (208) 342-3299

David Ettinger
dettinger@honigman.com
Lara Fetsco Phillip
lara.phillip@honigman.com
Honigman Miller Schwartz and Cohn LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Telephone (313) 465-7368

*Attorneys for Saint Alphonsus Medical Center-Nampa, Inc., Saint Alphonsus Health System, Inc., and Saint Alphonsus Regional Medical Center, Inc.*

UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>               Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD. AND ST. LUKE'S REGIONAL MEDICAL CENTER. LTD.<br><br>               Defendants. | Case No. 1:12-CV-00560-BLW (Lead)<br><br>**REPLY TO ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS' MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS** |

The Saint Alphonsus Plaintiffs[1] ("Saint Alphonsus") hereby submit this Reply to St. Luke's Partial Opposition to Saint Alphonsus' Motion for Redaction of Selected Trial Exhibits [Dkt. 528].

In its Opposition, St. Luke's objects to Saint Alphonsus' request for certain redactions of limited financial and strategic information from selected pages from four exhibits (TX 2084, 2087, 2157 and 2172[2]) that discuss Saint Alphonsus' possible plans for future expansion in north Nampa[3]. But St. Luke's arguments are both incorrect and inconsistent with the position it has taken (and this Court's rulings) with regard to documents addressing St. Luke's plans for *its* facilities in Nampa.

## I. THE DISPUTED REDACTIONS ARE NOT RELEVANT TO THE COURT'S RULINGS OR THE PUBLIC'S UNDERSTANDING

St. Luke's first argues that information about the cost estimates and timeline for the possible project is relevant to the public's consideration of whether Saint Alphonsus would suffer imminent harm from St. Luke's acquisition of Saltzer, and, therefore, should not be redacted. Presumably, St. Luke's proposes to argue in the press that Saint Alphonsus would not be planning a project with the timeline and cost involved if a continued Saltzer acquisition would cause it serious harm.

But this argument makes no sense, because it assumes, contrary to the record, that the project (which has not been approved) would go forward notwithstanding the Saltzer acquisition. The testimony is directly to the contrary. The undisputed trial record demonstrates that the entire

---

[1] Saint Alphonsus Medical Center-Nampa, Saint Alphonsus Health System, Inc., Saint Alphonsus Health System, Inc. and Saint Alphonsus Regional Medical Center, Inc.

[2] Trial Exhibits 2087 and 2172 are duplicates with respect to the pages sought to be redacted.

[3] Saint Alphonsus is of course only responding to St. Luke's arguments that specific items should not be redacted.

**REPLY TO ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS' MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS- 2**

project would be in jeopardy without Saltzer. *See, e.g.* Trial Testimony of Karl Keeler at 886:9-21:

> Q. And if the Saltzer transaction goes forward, is not unwound, how do you think that will affect the ultimate decision as to whether or not to build this facility?
>
> A. Well, I think we would have to go back and reproject. It would totally change the business plan. We'd have to go reproject all of the -- all of the information we put in. As part of this, it's put in as a potential threat, but we'd have to actually go recalibrate all the numbers.
>
> Q. And would you expect the same level of success that you would hope for if Saltzer were not unwound?
>
> A. Definitely not. If you don't have the largest referring group in Nampa as an independent, that would -- that would definitely change the outcome.

Therefore, the estimated cost of the project says nothing about the strength of Saint Alphonsus' argument concerning its weakness without Saltzer. Accordingly, the information that St. Luke's opposes being kept under seal in TX 2084, 2087, 2157 and 2172 would not assist the public's understanding of the issues in this case. It would only assist St. Luke's ability to make a completely misleading argument in the press.

Moreover, the redactions that St. Luke's is opposing make up only a minute portion of the eight exhibits discussing Phase II in which Saint Alphonsus proposed redactions (TX 2083-2087, 2154, 2157, and 2172). St. Luke's has opposed Saint Alphonsus' redactions to certain information on only 18 pages of the 289 pages in these exhibits discussing the Phase II project. The disputed redactions will not have a meaningful impact on the public's overall understanding of the case.

II. **THE DISPUTED REDACTIONS INVOLVE HIGHLY CONFIDENTIAL INFORMATION, THE DISCLOSURE OF WHICH WOULD HARM SAINT ALPHONSUS**

St. Luke's arguments on the confidentiality of the information in question are equally baseless. Information on the detailed timing of the various steps in Saint Alphonsus' plans would be very useful to a competitor, since it will allow the competitor, simply by knowing that one of the steps had occurred, to determine when the other steps would follow. Vague statements in public documents cited by St. Luke's about what was once the predicted end date for unspecified development (see TX 2640) do not provide anything like the same information, since those plans were both undisclosed and have been put on hold (see, Trial Tr. 883:25-884:6 (Keeler), 959:8-10 (Checketts), and the end date is now uncertain.

Contrary to St. Luke's assertions, the redactions it contests do not relate only to the overall cost of construction, but to a number of specific component costs as well. See e.g. TX 2084 at p.4, 2184 at p.4. The disclosure of any of these numbers, including the total funds allocated to the project, would provide significant insights to vendors as to the funds that would be available on the project, and would give them an advantage in negotiations. Petersen Decl. ¶ 8a. St. Luke's speculation to the contrary, unsupported by any evidence, should be disregarded.

III. **ST. LUKE'S POSITION IS INCONSISTENT WITH ITS CLAIMS REGARDING ITS OWN PLANNING DOCUMENTS**

St. Luke's opposition is also completely inconsistent with its own successful requests that *its* facility planning documents be kept entirely under seal (not merely redacted). St. Luke's requested that certain trial exhibits (including TX 1057, 1125 and 1126) discussing St. Luke's plans for a new facility in Nampa and a new ambulatory surgery center in Meridian be kept under seal in their *entirety*. These sealed exhibits contain the exact kinds of information that St. Luke's is now arguing should be unsealed when contained in Saint Alphonsus' documents. For

**REPLY TO ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS' MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS- 4**

instance, TX 1057 contains a proposed timeline for St. Luke's development of facilities in the Treasure Valley, including in Boise, Nampa and Meridian (at SLHS 000920867, 873, 876). The Court has granted St. Luke's request to keep these documents under seal in their entirety. Court's July 3, 2014 Memorandum Decision and Order [Dkt. 511] at 16.

The information on the St. Luke's Nampa facility would be highly relevant here, since Saint Alphonsus has argued that St. Luke's insisted that Saltzer physicians shift their referrals to St. Luke's new Nampa area hospital once it opened. See, Taylor Dep. Tr. at 218:5-218:13 [Dkt. No. 287]; Trial Tr. at 1638:1-20 (Pate); 2319:12-16, 2320:17-2321:3, 2322:6-2323:4 (Roth); 2492:20-2493:16 (Williams). Documents relating to the plans for that facility are therefore highly relevant to the public's understanding of the issues in this case.

Under the circumstances, St. Luke's cannot have it both ways. Either specific planning information for new facilities is sensitive and should not be disclosed, or St. Luke's information should be disclosed as fully as the Court has ordered with regard to Saint Alphonsus.

For all these reasons, Saint Alphonsus' Motion should be granted.

DATED this 15th day of August, 2014.

DUKE SCANLAN & HALL, PLLC

By: /s/Keely E. Duke
Duke Scanlan & Hall, PLLC
1087 W. River Street, Suite 300
Boise, ID 83707
Telephone (208) 342-3310
ked@dukescanlan.com

David Ettinger
Lara Fetsco Phillip
Honigman Miller Schwartz and Cohn LLP
660 Woodward Avenue
Detroit, MI 48226
Telephone: (313) 465-7368
dettinger@honigman.com
lara.phillip@honigman.com

*Attorneys for Saint Alphonsus Medical Center-Nampa, Inc., Saint Alphonsus Health System, Inc., and Saint Alphonsus Regional Medical Center, Inc.*

**REPLY TO ST. LUKE'S PARTIAL OPPOSITION TO SAINT ALPHONSUS' MOTION FOR REDACTION OF SELECTED TRIAL EXHIBITS- 5**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 15th day of August, 2014, I electronically filed the foregoing document with the U.S. District Court.  Notice will automatically be electronically mailed to the following individuals who are registered with the U.S. District Court CM/ECF System.

Ben J Keith    bkeith@sidley.com, krockwell@sidley.com
Brett T DeLange    brett.delange@ag.idaho.gov, teresa.taylor@ag.idaho.gov
Brian K Julian    bjulian@ajhlaw.com, lgrantham@ajhlaw.com, pgrossman@ajhlaw.com
Bryan A Nickels    ban@dukescanlan.com, klb@dukescanlan.com, sls@dukescanlan.com
Carl J Withroe    carl.withroe@ag.idaho.gov, colleen.funk@ag.idaho.gov
Charles K Schafer    cschafer@sidley.com
Colleen D Zahn    colleen.zahn@ag.idaho.gov, reta.massano@ag.idaho.gov
Danica Noble    dnoble@ftc.gov
David A Ettinger    dettinger@honigman.com, nroberts@honigman.com, shakim@honigman.com
Douglas Eugene Litvack    dlitvack@ftc.gov, abeilein@ftc.gov
Eric J Wilson    ewilson@gklaw.com
Henry Chao-Lon Su    hsu@ftc.gov, lrine@ftc.gov, ssajewski@ftc.gov
J Walter Sinclair    JWSinclair@hollandhart.com njhammond@hollandhart.com
Jack R Bierig    jbierig@sidley.com
Keely E. Duke    ked@dukescanlan.com, klb@dukescanlan.com, sls@dukescanlan.com
Kevin J O'Connor    koconnor@gklaw.com
Kevin J Scanlan    kjs@dukescanlan.com, klb@dukescanlan.com, klm@dukescanlan.com
Lara Fetsco Phillip    lara.phillip@honigman.com
Matthew Paul Accornero    maccornero@ftc.gov
Michael James Perry    mperry@ftc.gov
Peter C Herrick    pherrick@ftc.gov
Portia L Rauer    plr@powerstolman.com, jsm@powerstolman.com
Raymond D Powers    rdp@powerstolman.com, crb@powerstolman.com, jls@powerstolman.com
Robert J Schroeder    rschroeder@ftc.gov
Scott D Stein    sstein@sidley.com, efilingnotice@sidley.com, jfitzpat@sidley.com, jfitzpatrick@sidley.com
Syrena Case Hargrove    Syrena.Hargrove@usdoj.gov, angela.nyland@usdoj.gov, becky.early@usdoj.gov, pamela.bearg@usdoj.gov, USAID.ECFNOTICE@USDOJ.GOV
Tacy F Flint    tflint@sidley.com
Wendy K Arends    warends@gklaw.com, jschwartz@gklaw.com, swilson@gklaw.com
Thomas Greene  tgreene2@ftc.gov

                                      /s/ Keely E. Duke
                                      Keely E. Duke