UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>        Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>        Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>        Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>       Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it (1) four motions concerning the implementation of the Court's decision removing the confidentiality protection from many exhibits, and (2) numerous motions by the parties and third parties asking the Court reconsider selected portions of its decision. That decision – seventy pages in length – addressed the confidentiality of hundreds of exhibits and pages of trial and deposition transcripts. *See*

*Memorandum Decision (Dkt. No. 511).* For each, the Court determined separately whether the exhibit or testimony should be kept confidential. *Id.*

The parties and third parties now ask the Court to reconsider selected parts of its ruling. They have focused on a relatively small number of exhibits and portions of testimony. In addition, the Intervenors and the parties have filed four motions that address how to implement the Court's decision.

For example, the Intervenors asked the Court to immediately provide for public view those materials that had been deemed non-confidential and for which there was no pending motion to reconsider. In response to the Intervenors' motion, the parties filed those matters sought by the Intervenors, *see Docket Nos. 549 to 595,* effectively mooting their motion, and the other three motions filed by the parties concerning the implementation of the Court's decision.

The remaining motions all identify certain portions of exhibits and testimony that the parties and third parties argue should remain confidential. The Court will resolve each of these motions below.

## **St. Al's**

While not seeking the redaction of any additional trial testimony, St Al's asks the Court to redact portions of sixteen exhibits that the Court ordered unsealed. The exhibits fall into four categories, and the Court will review each.

The first category of documents includes exhibits 2073, 2265, 2534, and 2561. Three of those exhibits – exhibits 2073, 2265 and 2534 – discuss specific numerical terms that St. Al's negotiated with payors and employers. That information includes the

**Memorandum Decision & Order – page 2**

size of the risk pool, the size of a gainsharing pool, the number of members at which a downside risk is triggered, negotiated discounts, and other sensitive information. St. Al's Chief Financial Officer Blaine Peterson states that this data is "highly competitively sensitive," and that "the disclosure of [this data] would cause significant harm to [St. Al's]." *See Peterson Affidavit (Dkt. No. 524-4) at ¶ 2.*

The Court concurs. Compelling reasons exist to redact trade secrets. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.2006). Trade secrets "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 2008 WL 4726222 at *2 (9th Cir. Oct. 28, 2008). The portions of exhibits 2073, 2265, and 2534 that St. Al's seeks to redact constitute trade secrets, and the Court finds compelling reasons to grant St. Al's request.

The final exhibit in this category is exhibit 2561, consisting of 18 pages of tables that break down physician reimbursement rates by CPT code for the Idaho Physicians Network. According to CFO Peterson, this document is part of the agreement between St. Al's and the Idaho Physicians Network and reveals rates negotiated by the parties that "are competitively sensitive. *See Peterson Affidavit, supra* at ¶ 5. If these rates were revealed to competitors, they could "use this 'inside information' to bid against, and precisely undercut, [St. Al's]." *Id.* The Court agrees with Peterson's assessment. Hence, the Court finds compelling reasons to seal exhibit 2561 as a trade secret.

The next category of documents includes exhibits 2083 to 2087, 2157, and 2172. These documents include detailed planning data for St Al's possible expansion into Nampa and Caldwell. For example, exhibit 2083 contains a "Capacity Modeling" chart that sets out the number of beds required for each unit of the proposed hospital to make it profitable. Exhibit 2084 contains cost estimates and a timeline for the proposed construction. Exhibits 2085 contains a strategic discussion of "Opportunities and Risks" while exhibit 2086 contains financial estimates for each component of the proposed construction. Exhibit 2087 is a detailed and lengthy "Pre-Construction Business Plan" for the proposed hospital expansion, in which St. Al's proposes to redact certain financial estimates and figures. Exhibits 2157 and 2172 contain much the same information concerning planning for the hospital expansion. St Al's is not proposing to seal these entire exhibits but only to redact portions of each, largely involving financial figures.

As the Court held previously, much of the information in these documents is relevant to issues in this case, since it focuses on the Nampa market. But the information that St. Al's now seeks to redact is just a portion of that information that relates to specific planning strategy – the redactions involve technical financial data and planning strategy. Revealing this information would be damaging to St. Al's because it could be used by competitors and contractors on the project to gain a competitive advantage, and is therefore a trade secret. It played no role in the Court's decision, and does not help the public understand the Court's decision. *See, Rich v. Shrader*, 2013 WL 6190895, at *2 (S.D. Cal. Nov. 26, 2013) (sealing information containing "company strategies" on the grounds that if disclosed, the party's "competitors would gain access to operational and

**Memorandum Decision & Order – page 4**

personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors" and noting that "the public would receive little benefit from the information contained therein").

While St. Luke's objects to some of the redactions, the Court allowed St. Luke's to redact equivalent information in their own documents. Having found compelling reasons to redact portions of these exhibits, the Court will grant St. Al's request to redact portions of exhibits 2083 to 2087, 2157 and 2172. For the same reasons, the Court will also grant St. Al's motion to redact portions of exhibit 2509. It contains financial details regarding out-of-state hospitals owned by St. Al's parent company (Trinity). The details are sensitive competitive information that are irrelevant to this case but would be damaging if revealed. Exhibit 2509 may be redacted.

The next category of documents includes exhibits 2510 and 2511. Turning first to exhibit 2510, it contains tables listing individual physicians and identifying their compensation and how each ranks as compared to a median benchmark compensation for the region. Exhibit 2511 is an Excel spreadsheet that estimates the revenue associated with each physician individually. Because these two exhibits name individuals and identify their specific compensation and productivity information, both exhibits should be sealed. This information played no role in the Court's decision and is not helpful to the public in understanding that decision. *See Sullivan v. Deutsche Bank Americas Holding Corp.*, 2010 WL 3448608, at *2 (S.D. Cal. Aug. 31, 2010) (documents that concerned defendant's "compensation and incentive programs" kept under seal because of "the likelihood of an improper use by competitors and the proprietary nature of the

**Memorandum Decision & Order – page 5**

confidential information"); *Hill v. Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) (documents "containing information regarding the rates and methods for determining employee compensation" kept under seal because they contained "details that would primarily be of interest for defendant's competitors").

The next category includes exhibit 2265, which is St. Al's answer to certain interrogatories. St. Al's proposes to redact the names of two physicians who expressed concern over the public revealing of their names. Neither testified, and both were identified to the other parties during the discovery process and available for questioning. Their names are not important to the Court's decision or the public's understanding of the case. The Court therefore finds compelling reasons to redact their names in exhibit 2265.

St. Al's next asks for clarification that only those individual lines and pages from deposition testimony that were designated by a party and admitted at trial are to be publicly disclosed and filed. To clarify, the Court agrees. Those are the only relevant portions of the depositions and the only portions that the Court considered. Any other portions would be irrelevant and not helpful to the public's understanding of the Court's decision.

St. Al's also asks whether the Court intended to seal exhibits 2007 and 2324. The Court intended to seal both exhibits. With regard to exhibit 2007, the Court's reasoning is set forth in a prior decision addressing a request by Imagine Network to seal the same exhibit. With regard to exhibit 2324, the Court's reasoning is set forth in a prior decision addressing a request by Blue Cross to seal the same exhibit. The Court will not repeat that analysis here but will incorporate it by reference.

**Memorandum Decision & Order – page 6**

St. Al's also seeks to redact the following trial and deposition testimony:

| Transcript Citation | Subject Matter | Redact? |
|---|---|---|
| **(Trial) 883:12-16, 25** | Discussion of St. Al's possible relocation of certain medical services. No compelling reason to seal | Denied |
| **(Trial) 902:22-24; 903:7-8, 19-21** | The Court previously redacted other portions of this discussion and will apply the same analysis here. *See Memorandum Decision (Dkt. No. 511) at p. 28.* | Redact |
| **(Trial) 1249:1-5, 17-21** | General discussion of gain sharing. No compelling reason to seal. | Denied |
| **(Trial) 3192:7-3196-1** | General discussion of referral estimates without mentioning individual physicians. The Court has previously decided to redact the discussion *immediately following* page 3196, line 1, where individual physicians are named and discussed. *See Memorandum Decision (Dkt. No. 511) at p. 30.* But the pages referenced here do not discuss any individual physicians, and hence there is no compelling reason to redact. | Denied |
| **(Brown Depo) 191:17-25** | Discussion of specific business goal for St. Al's Health Alliance. This is a continuation of a discussion the Court previously redacted, and the same analysis applies here. *See Memorandum Decision (Dkt. No. 511) at p. 31.* | Redact |
| **(Jeffcoat Depo) 169:18-22** | Discussion of physician compensation. This is a continuation of a discussion the Court previously redacted, and the same analysis applies here. *See Memorandum Decision (Dkt. No. 511) at p. 32.* | Redact |

**Blue Cross**

Blue Cross seeks to redact certain numbers and percentages from six documents that the Court ordered unsealed in its prior decision – exhibits 1298, 2323, 2586, 2590,

**Memorandum Decision & Order – page 7**

2591, and 2616.  The first of these – exhibit 1298 – analyzes reimbursement trends for Intermountain Orthopedic and St. Luke's before and after St. Luke's acquisition of Intermountain Orthopedics.  The exhibit contains 11 pages, but Blue Cross only seeks to redact two percentage figures for a chart identifying reimbursement increases for ambulatory surgery centers in Boise/Meridian (1) from 2010 to 2011 and (2) from 2011 to 2012.  The exhibit itself is quite relevant to the public's understanding of how "hospital-billing" increases costs.  While these two percentage figures might cause some competitive harm to Blue Cross, that burden is far outweighed by the benefit of the data to the public's understanding of the Court's decision.  Blue Cross's request to redact exhibit 1298 will be denied.

This balance between the burden and the benefit tips in the opposite direction when the five remaining exhibits are considered.  For these exhibits, the figures and numbers that Blue Cross seeks to redact reveal a great deal about Blue Cross's reimbursement methodology, a crucial factor in the company's competitive advantage.  On the other hand, the public's understanding of the case is not furthered by revealing this information.  Because this information is a trade secret without redeeming value for the public, the Court finds compelling reasons to grant Blue Cross's motion to redact portions of these five exhibits.

Blue Cross also seeks to redact certain trial testimony contained in portions of about 11 pages of the transcript that is about 3,600 pages long.  Again, these portions of the testimony reveal trade secrets because they describe reimbursement methodology that is a trade secret.  St. Luke's argues that the information on 7 of the 11 pages should be

**Memorandum Decision & Order – page 8**

made public, but that argument ignores the trade secret material that is discussed. Thus, the Court will order that the testimony be redacted.

**Treasure Valley**

Treasure Valley asks the Court to redact portions of – or seal entirely – thirteen exhibits. In the first category of documents – exhibits 2122, 2125, 2263, 2264, 2269, 3001, and 5008 – Treasure Valley asks the Court to redact the physician names in those documents to avoid revealing personal and productivity information. As discussed above, there are compelling reasons to redact these names and the Court will so order.

The second category of documents contains trade secret information. For example, exhibit 2111 contains data on gross charges over a six year period for each payor; exhibit 2123 contains discounted cash flow models for Treasure Valley depending on different assumptions; exhibit 2262 contains a sensitive dollar amount for planning purposes; exhibits 2263 & 2264 (for which the Court decided above to redact physician names) also contain sensitive strategic planning data, including specific dollar figures related to expansion and equity reinvestment. Exhibits 2636, 2645, 2646, and 5008, contain similar strategic planning information that would be damaging to Treasure Valley if revealed to competitors. The Court finds compelling reasons to grant Treasure Valley's motion with regard to these exhibits.

Treasure Valley also seeks to redact certain trial testimony at page 3195, line 25 to page 3196, line 1. In a discussion above, with regard to St. Al's requests, the Court refused to redact these very lines, and will likewise refuse to do so here for the same reasons.

**Memorandum Decision & Order – page 9**

**St. Luke's**

St. Luke's has identified 10 exhibits where physician compensation information remains unsealed. The Court has ruled consistently that there are compelling reasons to seal this information, and will so order with regard to these 10 exhibits.

**Saltzer**

Saltzer asks the Court to seal exhibit 2021, a draft of the Professional Services Agreement. In its prior decision, the Court refused to seal this and that analysis applies with equal force to this exhibit. *See Memorandum Decision (Dkt. No. 511)* at p. 15.

**Micron**

The Court discussed Micron's requests for redaction at length in its prior decision, and will not repeat that discussion here, but will apply the same analysis to six additional exhibits and two pages of trial testimony that Micron seeks to redact. *See Memorandum Decision (Dkt. No. 511)* at pp. 67-69.

Micron asks to seal exhibit 1169. It is a memo from St. Luke's summarizing its presentation to Micron, regarding negotiations that occurred more than four years ago. Its age, and the lack of any real sensitive information in the document, warrants a finding that no compelling reason exists to seal it.

With regard to exhibits 1172, 2004, and 2260, these exhibits were not admitted into evidence, and have not been examined by the Court. Exhibits not admitted shall not be open to public view because they played no role in the Court's decision. There is no need to seal them since they will simply be returned to the parties. With regard to

exhibits 2203 and 2241, these exhibits contain sensitive negotiations that touch on trade secrets and hence compelling reasons exist to seal them.

Finally, Micron asks to redact trial testimony from page 604, line 17 through page 615 line 4. These pages contain a discussion by Patrick Otte of Micron concerning Micron's Health Partners Network. The discussion reveals in detail (1) Micron's strategy for controlling health care costs, (2) how and where Micron is putting its health care dollars; and (3) Micron's negotiation strategies. These are trade secrets under the definition quoted earlier because a company's strategy for dealing with one of the biggest costs it – and all its competitors – faces gives it a crucial advantage and would be harmful if revealed. Hence, the Court will order these pages redacted.

**Regence Blue Shield**

Regence asks the Court to seal exhibits 1632, 1997, 2221, and 2547. None of these exhibits has been admitted into evidence and hence there is no need to seal them. They will be returned to the parties and not open to public view because they played no role in the trial or the Court's decision.

Regence asks to seal exhibits 1484, 1485, 2218, 2220, and 2259. Each of these exhibits contains some mixture of negotiating strategy, prices, rates, projections, and other financial information for specific insurance plans. If revealed to competitors, they would obtain a competitive advantage over Regence. *See Christian Affidavit (Dkt. No. 346)* at pp. 2-4. As such, each contains trade secrets. The Court therefore finds compelling reasons to seal these five exhibits.

**Idaho Physicians Network**

**Memorandum Decision & Order – page 11**

Idaho Physicians Network asks the Court to seal exhibit 2214, their "Fee Schedule Update." The Court has consistently found that compelling reasons to seal matters regarding fees, as they can be quite damaging if revealed. There are compelling reasons to protect third parties especially from harm, and the Court will therefore grant the request to seal exhibit 2214.

**Intervenors**

The Intervenors filed a motion on October 15, 2014, to get immediate access to those exhibits and trial testimony that the Court had refused to seal and that were not subject to a pending motion to reconsider. The parties reached agreement and filed those portions of the trial transcript, depositions, and trial exhibits that had been unsealed by the Court and were not subject to a motion to reconsider. *See Docket Nos. 549 to 590; 591 to 595; and Staff Note filed November 12, 2014.* These filings have mooted the Intervenors' motion, and the Court will so order.

**Imagine Health**

In its earlier decision, the Court ruled at length on Imagine Health's request for redactions from the deposition testimony Director Jackie Butterbaugh. *See Memorandum Decision (Dkt. No. 511)* at pp. 60-63. There were portions of that deposition that Imagine Health sought to seal that the Court did not rule upon, and the Court will make those rulings now. The Court will not repeat the general analysis of Butterbaugh's testimony that was set forth in full in the pages cited above. It is enough to say that the bulk of her testimony concerned the highly sensitive business strategy of Imagine Health, was not considered by the Court in its decision, and is not necessary to the public's understanding

of the case. Her testimony largely concerned Imagine Health's trade secrets, and hence there were compelling reasons for redactions. The same analysis applies here. The Court will set forth its specific rulings below:

| **Depo. of Jackie Butterbaugh** | | |
|---|---|---|
| *Page & Line* | *Subject Matter* | *Decision* |
| 83:5-25 | Micron negotiations | Redact |
| 84:24-25 | Primary Health negotiations | Redact |
| 85:11-18 | [Same] | Redact |
| 102:1-22 | Boise Orthopedic negotiations | Redact |
| 103:16-25 | Idaho Pediatrics negotiations | Redact |
| 104:1-23 | St. Luke's negotiations | Redact |
| 106:7-10 | Cardiovascular negotiations | Redact |
| 108:14-24 | Micron negotiations | Redact |
| 109:5-25 | Discussions with St. Al's | Redact |
| 110:2-10 | Discussions re Micron | Redact |
| 111:19-112:1 | Discussion re TVH & Micron | Redact |
| 112:7-12 | Discussion re Micron | Redact |
| 113:22-114:11 | Discussion of specific practices | Redact |
| 137:7-8 | Discussion re Micron | Redact |
| 150:17-24 | Micron negotiations | Redact |

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to unseal document (docket no. 535), the motions to stay sealing (docket nos. 514 & 521), and the motion regarding implementation of the Court's earlier decision (docket no. 513) are DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion for redaction filed by St. Al's (docket no. 524) is GRANTED. Specifically, it is granted as to (1) the request for redactions to exhibits 2007, 2073, 2083 to 2087, 2157, 2172, 2265, 2324, 2510, 2511,

2534, and 2561; (2) the request for redactions to trial and deposition testimony set forth in the table in the Court's decision; (3) the request for clarification that only those individual lines and pages from deposition testimony that were designated by a party and admitted at trial are to be publicly disclosed and filed.

IT IS FURTHER ORDERED, that the motion for reconsideration filed by Blue Cross (Docket no. 515) is GRANTED IN PART AND DENIED IN PART. It is granted as to (1) the request for redactions to exhibits 2323, 2586, 2590, 2591, and 2616; and (2) the request for redactions to pages 314, 315, 349, 360-63, 389-90, and 391-96 of the trial transcript. It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion for leave to redact certain information from unsealed trial materials by St. Luke's (docket no. 523) is GRANTED. Specifically it is granted as to the redactions sought by St. Luke's concerning exhibits 24, 26, 27, 28, 30, 48, 1377, 2021, 2089, and 2257.

IT IS FURTHER ORDERED, that the motion for reconsideration filed by Treasure Valley Hospital (docket no. 520) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to redact exhibits 2111, 2122, 2123, 2125, 2262, 2263, 2264, 2269, 2636, 2645, 2646, 3001, and 5008. It is denied in all other respects.

IT IS FURTHER ORDERED, that although Saltzer, Micron, Regence Blue Shield, Idaho Physicians Network, and Imagine Health did not file motions to reconsider, they did originally seek to redact exhibits and testimony that the Court did not address in its

prior decision but addressed here. The Court will direct these entities to make the redactions set forth in the decision above.

DATED: February 13, 2015

B. Lynn Winmill
Chief Judge
United States District Court