UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it the briefs of the parties addressing whether the private plaintiffs – the St. Alphonsus entities and Treasure Valley Hospital – are entitled to attorney fees. The Court finds that they are entitled to attorney fees.

## LITIGATION BACKGROUND

Following a bench trial, the Court issued a decision unwinding the merger between St. Luke's and Saltzer. That decision was appealed and affirmed. *See Saint Alphonsus Medical Center v. St. Luke's,* 778 F.3f 775 (9th Cir. 2015).

Pursuant to agreement of all counsel, the Court bifurcated the issue of attorney fees. *See Docket Entry Orders (Dkt. Nos. 485 & 486).* To be decided first is the issue of whether the private plaintiffs are entitled to attorney fees; that will be followed by a decision on the amount of those fees, following another round of briefing. Thus, the only issue before the Court at this time is whether the private plaintiffs are entitled to attorney fees.

## LEGAL STANDARDS

The private plaintiffs seek their attorney fees under Section 16 of the Clayton Act, 15 U.S.C. § 26, which states: "In any action under this section in which the plaintiff substantially prevails, the court shall award the cost of suit, including a reasonable attorney's fee to such plaintiff." A prevailing or substantially prevailing party "is one who has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).[1] According to *Buckhannon*, a litigant must meet two criteria to qualify for fees under this standard. First, he must achieve a "material alteration of the legal relationship of the parties." *Id.* at 604-05. A "material alteration" of the parties' legal relationship occurs when "the

---

[1] While *Buckhannon* addressed the term "prevailing party" rather than "substantially prevailing party," both sides agree that it governs this case. *See Oregon Natural Desert Assoc. v. Locke,* 572 F.3d 610 (9th Cir. 2009) (holding that *Buckhannon* governs analysis under statute providing for fees to plaintiff who "substantially prevails").

**Memorandum Decision & Order – page 2**

plaintiff can force the defendant to do something he otherwise would not have to do." *Higher Taste, Inc. v. City of Tacoma,* 717 F.3d 712, 716 (9th Cir. 2013). Second, that alteration must be "judicially sanctioned." *Id.*

On the basis of these two criteria, *Buckhannon* rejected the "catalyst theory" for the recovery of attorney's fees, holding that relief achieved through voluntary change prompted by a lawsuit "lacks the necessary judicial imprimatur " for a plaintiff to qualify as a prevailing party. In that case, the party seeking fees has not obtained any sort of court-ordered relief.

The Ninth Circuit has "rejected overly narrow interpretations of *Buckhannon,* and held on a number of occasions that judgments and consent decrees are examples . . . but they are not the only examples of judicial action sufficient to convey prevailing party status." *Carbonell v. I.N.S.,* 429 F.3d 894, 898 (9th Cir. 2005) (internal quotations and citations omitted). A plaintiff also prevails if he obtains a preliminary injunction or a legally enforceable settlement agreement. *Id.*

## ANALYSIS

The private plaintiffs obtained all the relief they sought – a judicial ruling from this Court requiring St. Luke's to unwind the Saltzer merger. That judicial ruling materially altered the relationship between the parties, and hence entitles the private plaintiffs to an attorney fee award under the *Buckhannon* standard discussed above.

St Luke's disagrees. The Court's decision, St. Luke's argues, adopted the claim of the Government plaintiffs that the merger would raise prices, but stopped there without considering the private plaintiffs' argument that the merger would exclude competition.

**Memorandum Decision & Order – page 3**

Indeed, argues St. Luke's, the private plaintiffs lacked standing to complain about a price rise, and so were not even allowed to make the argument that the Government plaintiffs prevailed upon. Under St. Luke's reading, the Court's decision was based entirely on arguments made by the Government plaintiffs, rendering the private plaintiffs' participation in the lawsuit superfluous.

It is true that the Court ruled that the merger "will raise costs to consumers," *see Findings of Fact & Conclusions of Law (Dkt. No. 464)* at p. 44, and did not go on to consider arguments of the private plaintiffs that the merger would exclude competitors. But even when a court "fail[s] to reach certain grounds" argued by a plaintiff, "the unaddressed claim may support a fee award" when the plaintiff succeeds on any significant issue in the litigation and achieves some of the benefit it sought in bringing the suit. *See Gerling Global Reinsurance Corp. of America v. Garamendi,* 400 F.3d 803, 809-10 (9th Cir. 2005).

Here, the private plaintiffs achieved all the benefit they sought in bringing the suit, and succeeded on a significant issue. Importantly, both sets of plaintiffs presented evidence demonstrating that the merger would result in higher prices. The Government plaintiffs used this evidence as direct proof of their antitrust claims. The private plaintiffs used this evidence to argue that if St. Luke's had the market power before the merger to raise prices when it purchased physician practices, it would have the market power after the merger to exclude competitors. *See Memorandum Decision (Dkt. No. 230)* at p. 3 (refusing to exclude private plaintiffs' evidence of St. Luke's ability to control prices because it is relevant to St Luke's ability to exclude competition).

**Memorandum Decision & Order – page 4**

So both sets of plaintiffs pursued this evidence as part and parcel of their case. While the private plaintiffs pursued it as only part of their case, and the Court did not address in full their claims, *Gerling* makes it clear that this is not fatal to their fee petition. Counsel for the private plaintiffs did not duplicate the work of Government counsel, and played a major role in discovery, pre-trial proceedings, and the trial itself in providing evidence that the Court used in finding that the merger would result in higher prices. The private plaintiffs succeeded on this major issue, and are thus entitled to fees under *Gerling* even though the Court did not address their claim that higher prices demonstrated an ability to exclude competitors.

Ultimately, the private plaintiffs obtained the full relief they sought – the unwinding of the merger. Under *Buckhannon* and *Gerling*, the private plaintiffs are entitled to their attorney fees. The amount of those fees will be determined after another round of motions.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the private plaintiffs – the St. Alphonsus entities and Treasure Valley Hospital – are entitled to attorney fees under the Clayton Act, 15 U.S.C. § 26.

IT IS FURTHER ORDERED, that counsel shall submit a stipulated briefing schedule to address the issue of the amount of the attorney fees.



DATED: April 29, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court