UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION AND ORDER** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it a motion to compel discovery filed by plaintiffs and a motion to appoint a special master filed by defendants. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion to compel and deny the motion for a special master.

**Memorandum Decision & Order – page 1**

## ANALYSIS

**<u>Motion to Compel</u>**

The plaintiffs have filed discovery requests on defendants to inquire into defendants' divestiture plan. Having received no answers, the plaintiffs filed the motion to compel now before the Court.

When the plaintiffs filed their motion to compel, the defendants had not yet filed a divestiture plan, but have since done so. Among other provisions, the plan proposes to have the Court determine if St. Luke's will be allowed (1) to retain some of Saltzer's physicians and staff, and (2) to take over operation of some lines of service that Saltzer no longer desires to maintain. Obviously, defendants are contemplating something other than a full divestiture, and plaintiffs object.

To justify their proposals, the defendants point out that after "serious discussions with three separate potential buyers" for Saltzer were unsuccessful, Saltzer physicians made an "independent" decision "for personal and professional reasons . . . to take back certain assets that are not needed to practice medicine as they have determined to do." *See Defendants' Briefs (Dkt. No. 623)* at p. 1 & *(Dkt. No. 628)* at p. 2. This defendants offer this justification to explain their proposed divestiture plan.

But when plaintiffs seek to test this justification in discovery, defendants balk, claiming the discovery is irrelevant and burdensome. The Court disagrees. The defendants made inquiry into their justification relevant by offering it to explain their proposed plan. Moreover, the expense of collecting the financial data requested by plaintiffs is reduced because much of it is already on hand, having been collected by

**Memorandum Decision & Order – page 2**

Saltzer during preparation of its plan for future operation.  *See Letter From Saltzer Counsel (Dkt. No. 624-7)* at p. 1.

The defendants complain of the burden of preparing privilege logs.  A protective order is warranted if preparing privilege logs would result in an "unreasonable burden." *See Advisory Committee Notes to 1993 Amendments to Rule 26(b)*.  But privilege logs are a common part of discovery, and defendants provide no specific data to back up their claim that the burden of providing a log would be "unreasonable."  *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (holding that to obtain a protective order "courts have insisted on a particular and specific demonstration of fact, as distinguished from . . . conclusory statements").

Defendants counter that the discovery must be shielded from the private plaintiffs.  But the Court's long experience with AEO in this case has convinced it that discovery so designated will be kept confidential.  Thus, the Court cannot find that confidentiality concerns warrant excluding the private plaintiffs from the discovery.

For all of these reasons, the Court will grant the motion to compel, and will order the expedited discovery sought by the plaintiffs.

**Motion for a Special Master**

Defendants ask the Court to appoint a special master "because what may have seemed like a simple, straightforward process at the time that divestiture was ordered, has proven not to be so."  *See Defendants' Brief (Dkt. No. 623)* at p. 2.  At the very beginning of this litigation, defendants represented to the Court that if the merger was allowed to proceed, the Court could take "some comfort" in their promise that "if the transaction is

**Memorandum Decision & Order – page 3**

unlawful, we will not oppose the divestiture" because "[h]ere it would be quite possible to unscramble this egg." *See Transcript (Dkt. No. 49)* at pp. 87-88. In refusing to enjoin the transaction at the beginning of this litigation, the Court relied on this promise in finding that "the Court will have no difficulty in ordering an immediate and complete divestiture if that is the result compelled at trial." *See Memorandum Decision (Dkt. No. 47)* at p. 8.

Because that key promise was made to – and relied upon by – this Court, the divestiture issues should be resolved by this Court. The motion for a special master will be denied.

## ORDER

In accord with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 624) is GRANTED. The defendants shall answer the interrogatories and requests for production within seven (7) days from the date of this Order, and shall make available the person or persons necessary to comply with the Rule 30(b)(6) deposition notice within twenty-one (21) days from the date of this Order.

IT IS FURTHER ORDERED, that the motion for special master (docket no. 623) is DENIED.

DATED: July 13, 2015



_____
B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision & Order – page 5**