UNITED STATES DISTRICT COURT

IN THE DISTRICT OF IDAHO

| | |
|---|---|
| SAINT ALPHONSUS MEDICAL CENTER - NAMPA, INC., TREASURE VALLEY HOSPITAL LIMITED PARTNERSHIP, SAINT ALPHONSUS HEALTH SYSTEM, INC., AND SAINT ALPHONSUS REGIONAL MEDICAL CENTER, INC.<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.<br><br>Defendant. | Case No. 1:12-CV-00560-BLW (Lead Case)<br><br>**MEMORANDUM DECISION** |
| FEDERAL TRADE COMMISSION; STATE OF IDAHO<br><br>Plaintiffs,<br>v.<br><br>ST. LUKE'S HEALTH SYSTEM, LTD.; SALTZER MEDICAL GROUP, P.A.<br><br>Defendants. | Case No. 1:13-CV-00116-BLW |

## INTRODUCTION

The Court has before it two motions for relief from judgment based on a clerical mistake filed by St. Al's and the State of Idaho. The motions are fully briefed and at issue. There is no objection to the State's motion and so the Court will grant it and increase the State's attorney fee award to $972,993.50. St. Al's motion is contested. For the reasons described below, the Court will grant St. Al's motion in part, awarding $101,361.97 in additional costs to St. Al's, and reducing its attorney fee award by $368.

**Memorandum Decision – page 1**

# ANALYSIS

The motion filed by St. Al's seeks to correct a clerical error in the Court's earlier Judgment awarding attorney fees and costs. In that decision, the Court granted St. Al's request for costs in the sum of $85,333.98, but did not consider a supplemental cost petition seeking an additional $112,624.41 in costs. In its pending motion, St. Al's asks the Court to correct its clerical error, consider the supplemental request for costs, and increase the total cost award to $197,958.39.

In support of that motion, St. Al's alleges that the costs sought in its supplemental request were all incurred in complying with the ESI Order issued in this case. More specifically, these costs were incurred in creating the TIFF images, OCR text files, and bates numbering required to produce and examine documents in compliance with the ESI Order. St. Luke's does not dispute that assertion. Such costs are taxable under 28 U.S.C. § 1920(4). *See In re Online DVD-Rental Litigation,* 779 F.3d 914, 926 (9th Cir. 2015).

St. Luke's does, however, make a persuasive argument that the supplemental costs should be reduced by 10%. In its earlier decision evaluating St. Al's attorney fee petition, the Court concluded that

> 10% of the hours were devoted to pursuing vertical issues unrelated to the successful claims. This represents the time spent by the private parties pursuing the anticompetitive effects in the markets for pediatric services in Nampa, inpatient hospital services in Ada and Canyon counties, and two outpatient hospital services markets in Ada and Canyon counties. While some of the time spent on these vertical issues overlapped with successful issues and is compensable, as discussed above, the Court finds that 10% of that time did not overlap and is not compensable. The Court shall therefore reduce the fees sought by counsel for the private parties by 10%.

**Memorandum Decision – page 2**

*See Memorandum Decision (Dkt. No. 665)* at pp. 6-7. The same analysis applies to the supplemental cost bill because these particular costs were all incurred in electronic discovery, some of which was engaged in the pursuit of unsuccessful claims. It is fair to assume that 10% of that discovery was devoted to pursuing vertical issues unrelated to successful claims, just as 10% of the attorneys' time was devoted to that pursuit. Consequently, the Court will reduce the supplemental award by 10% from $112,624.41 to $101,361.97. When added to the earlier cost award of $85,333.98, the revised total cost award is $186,695.95. The Court will amend the Judgment to add this sum to St. Al's award.

In the briefing, the parties agree that St. Al's attorney fee award should be reduced. St. Luke's seeks a reduction in the sum of $588.30, but as St. Al's correctly points out, the reduction is more accurately pegged at $368. The Court will therefore reduce St. Al's attorney fee sum by this amount to arrive at a new fee award of $7,061,182.07. The Court will enter a separate amended Judgment to reflect these changes.

DATED: November 29, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court